# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

_____

## NO. 15-4325

_____

### UNITED STATES OF AMERICA,

Appellee,

v.

### BAILEY JOE MILLS,

Appellant.

_____

## JOINT APPENDIX

_____

## VOLUME I

**THOMAS P. McNAMARA**
Federal Public Defender

| | |
|---|---|
| **STEPHEN C. GORDON** | **JENNIFER P. MAY-PARKER** |
| Assistant Federal Public Defender | Assistant United States Attorney |
| Eastern District of North Carolina | Eastern District of North Carolina |
| 150 Fayetteville Street, Suite 450, | 310 New Bern Avenue, 8th Floor |
| Raleigh, North Carolina  27601 | Raleigh, North Carolina  27601 |
| (919) 856-4236 | (919) 856-4530 |

## <u>CONTENTS OF APPENDIX</u>

<u>PAGE NO.</u>

<u>VOLUME I</u>

Docket Sheets.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Criminal Information. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Waiver of Indictment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Consent to Proceed For Arraignment Before Magistrate Judge. . . . . . . . . . . . . . . . . . . . . 13

Transcript of Sentencing Hearing, March 3, 2015. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Government's Motion for Upward Departure. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Judgment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Notice of Appeal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

Certificate Of Service Of
     Brief and Joint Appendix


<u>VOLUME II</u>

Memorandum of Plea Agreement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

Transcript of Arraignment Hearing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

Revised Presentence Report.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73

Transcript of Sentencing Hearing, May 7, 2015. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 90

Statement of Reasons.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 128

Certificate Of Brief Of
     Brief and Joint Appendix

APPEAL,CLOSED

# U.S. District Court
## EASTERN DISTRICT OF NORTH CAROLINA (Western Division)
## CRIMINAL DOCKET FOR CASE #: 5:14-cr-00113-FL All Defendants

Case title: USA v. Mills

Date Filed: 06/12/2014
Date Terminated: 05/07/2015

Assigned to: District Judge Louise
Wood Flanagan

Appeals court case number: 15-4325
4th Circuit Court of Appeals

### Defendant (1)

**Bailey Joe Mills**
*TERMINATED: 05/07/2015*

represented by **Cindy J. Bembry**
Federal Public Defender
150 Fayetteville St., Suite 450
Raleigh, NC 27611-5967
919-856-4236
Fax: 919-586-4477
Email: cindy_bembry@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

### Pending Counts

Manufacture/Production of child
pornography
(1)

### Disposition

Bureau of Prisons - 540 Months -
Supervised Release - Life - Special
Conditions imposed - Special
Assessment $100.00 (due immediately)
- Recommendations include vocational
training

### Highest Offense Level (Opening)

Felony

### Terminated Counts

None

### Disposition

### Highest Offense Level (Terminated)

**JOINT APPENDIX PAGE 1**

None

**Complaints**                                              **Disposition**

None

---

**Plaintiff**

**USA**                              represented by    **Ethan A. Ontjes**
                                                       U. S. Attorney's Office
                                                       310 New Bern Ave.
                                                       Suite 800
                                                       Raleigh, NC 27601
                                                       919-856-4530
                                                       Fax: 856-4487
                                                       Email: ethan.ontjes@usdoj.gov
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/19/2014 | | Case sealed as to Bailey Mills. (Bunn, A.) [5:14-mj-01179-WW *SEALED*] (Entered: 03/19/2014) |
| 03/19/2014 | 2 | CJA 23 Financial Affidavit by Bailey Mills. (Bunn, A.) [5:14-mj-01179-WW *SEALED*] (Entered: 03/19/2014) |
| 03/19/2014 | 3 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Bailey Mills. Signed by Magistrate Judge William A. Webb on 3/19/14. (Bunn, A.) [5:14-mj-01179-WW *SEALED*] (Entered: 03/19/2014) |
| 06/12/2014 | 4 | INFORMATION as to Bailey Joe Mills (1) count 1. (Marsh, K) (Entered: 06/13/2014) |
| 06/12/2014 | 5 | Penalty Sheet *(Selected Participants Only)* as to Bailey Joe Mills. (Marsh, K) (Entered: 06/13/2014) |
| 06/13/2014 | | NOTICE TO COUNSEL - Counsel should file a Notice of Appearance pursuant to Local Criminal Rule 44.1(b). (Marsh, K) (Entered: 06/13/2014) |
| 06/13/2014 | | Set Hearing as to Bailey Joe Mills: Plea to Criminal Information set for August 2014 term of court in New Bern. (Tripp, S.) (Entered: 06/13/2014) |
| 06/17/2014 | 8 | NOTICE OF ATTORNEY APPEARANCE: Cindy J. Bembry appearing for Bailey Joe Mills (Bembry, Cindy) (Entered: 06/17/2014) |
| 07/07/2014 | 9 | Pretrial Services Report filed by Jacqueline Leonard as to Bailey Joe Mills. (Bethea, A.) (Entered: 07/07/2014) |
| 07/14/2014 | | NOTICE OF HEARING as to Bailey Joe Mills: Plea to Criminal Information set for 8/12/2014 at 1:30 PM in New Bern - Hearing Room before Magistrate Judge |

**JOINT APPENDIX PAGE 2**

| | | Robert B. Jones Jr. The court's calendar will be available on the court's website approximately three weeks prior to arraignment. Internet Calendar Here (Tripp, S.) (Entered: 07/14/2014) |
|---|---|---|
| 07/16/2014 | 11 | Application for Writ of Habeas Corpus ad Prosequendum as to Bailey Joe Mills by USA as to Bailey Joe Mills. (Ontjes, Ethan) (Entered: 07/16/2014) |
| 07/16/2014 | 12 | ORDER - Writ of Habeas Corpus ad Prosequendum Issued as to Bailey Joe Mills for 8/12/2014 at 12:30 PM in New Bern. Signed by Magistrate Judge James E. Gates on 7/16/2014. (Eggleston, L) Modified on 7/16/2014 to correct the date in the docket entry. (Grady, B.) (Entered: 07/16/2014) |
| 08/12/2014 | 13 | Minute Entry for proceedings held before US Magistrate Judge Robert B. Jones, Jr. in New Bern: Arraignment as to Bailey Joe Mills on Count 1 of Criminal Information held on 8/12/2014 - Defendant present with counsel - Assistant US Attorney present for USA - Consent to Proceed before US Magistrate Judge executed - Waiver of Indictment filed in open court - Memorandum of Plea Agreement filed in open court - Defendant advised of rights, charges and maximum penalties - Plea entered by Bailey Joe Mills - Guilty as to Count 1 - Defendant remanded to the custody of the US Marshals Service pending sentencing - Sentencing Hearing set for the November 2014 term before District Judge Louise Wood Flanagan in New Bern, NC. (Court Reporter David Collier) (Castania, M.) (Entered: 08/12/2014) |
| 08/12/2014 | 14 | WAIVER OF INDICTMENT by Bailey Joe Mills. (Castania, M.) (Entered: 08/12/2014) |
| 08/12/2014 | 15 | CONSENT TO PROCEED BEFORE MAGISTRATE JUDGE FOR FELONY ARRAIGNMENT by defendant Bailey Joe Mills. (Castania, M.) (Entered: 08/12/2014) |
| 08/12/2014 | 16 | MEMORANDUM OF PLEA AGREEMENT as to Bailey Joe Mills. (Castania, M.) (Entered: 08/12/2014) |
| 08/12/2014 | | Oral MOTION for Detention by USA as to Bailey Joe Mills. (Castania, M.) (Entered: 08/12/2014) |
| 08/12/2014 | | Oral ORDER granting Motion for Detention Pending Sentencing as to Bailey Joe Mills. Written order to follow. Entered by Magistrate Judge Robert B. Jones, Jr. on 8/12/2014. (Castania, M.) (Entered: 08/12/2014) |
| 08/12/2014 | 17 | ORDER as to Bailey Joe Mills regarding Oral MOTION for Detention and Oral Order granting Motion - Follows oral order of 8/12/2014. Defendant is committed to the custody of the Attorney General. Signed by Magistrate Judge Robert B. Jones, Jr. on 8/12/2014. (Castania, M.) (Entered: 08/12/2014) |
| 08/12/2014 | 18 | SENTENCING SCHEDULING ORDER as to Bailey Joe Mills: Sentencing set for that term of criminal court commencing on 11/4/2014 in New Bern - Courtroom before District Judge Louise Wood Flanagan. Absent a continuance, this order will constitute the only notice of hearing provided by the court. The court's calendar, which will include more specific date and time of sentencing within the sentencing term, will be available on the court's website approximately three weeks prior to sentencing. Absent extenuating |

**JOINT APPENDIX PAGE 3**

| | | |
|---|---|---|
| | | circumstance, any motion, including one for departure or variance, and/or sentencing memorandum shall be filed not later than seven days before the sentencing hearing. Counsel should read order in its entirety for critical information and deadlines. Signed by District Judge Louise Wood Flanagan on 8/12/2014. (Tripp, S.) (Entered: 08/12/2014) |
| 08/19/2014 | 19 | Writ of Habeas Corpus ad Prosequendum Returned Executed as to Bailey Joe Mills on 8/12/2014. (Tripp, S.) (Entered: 08/19/2014) |
| 10/09/2014 | | NOTICE OF HEARING as to Bailey Joe Mills: Sentencing set for 11/6/2014 at 10:00 AM in New Bern - Courtroom before District Judge Louise Wood Flanagan. The court's calendar will be available on the court's website approximately three weeks prior to sentencing. Internet Calendar Here (Tripp, S.) (Entered: 10/09/2014) |
| 10/15/2014 | 20 | MOTION to Continue *Sentencing* by Bailey Joe Mills. (Attachments: # 1 Text of Proposed Order) (Bembry, Cindy) (Entered: 10/15/2014) |
| 10/15/2014 | 21 | ORDER granting 20 Motion to Continue *Sentencing* as to Bailey Joe Mills - Sentencing is continued until the January 2015 term of court. Signed by District Judge Louise Wood Flanagan on 10/15/2014. (Tripp, S.) (Entered: 10/15/2014) |
| 10/15/2014 | | Reset Hearing as to Bailey Joe Mills: Sentencing reset for January 2015 term of court in New Bern - Courtroom before District Judge Louise Wood Flanagan. (Tripp, S.) (Entered: 10/15/2014) |
| 12/03/2014 | | NOTICE OF HEARING as to Bailey Joe Mills: Sentencing set for 1/6/2015 at 1:30 PM in New Bern - Courtroom before District Judge Louise Wood Flanagan. The court's calendar will be available on the court's website approximately three weeks prior to sentencing. Internet Calendar Here (Tripp, S.) (Entered: 12/03/2014) |
| 12/18/2014 | 22 | MOTION to Continue *Sentencing Hearing* by Bailey Joe Mills. (Attachments: # 1 Text of Proposed Order) (Bembry, Cindy) (Entered: 12/18/2014) |
| 12/19/2014 | | Motion Submitted to District Judge Louise Wood Flanagan as to Bailey Joe Mills regarding 22 MOTION to Continue *Sentencing Hearing*. (Tripp, S.) (Entered: 12/19/2014) |
| 12/22/2014 | 23 | ORDER granting 22 Motion to Continue Sentencing as to Bailey Joe Mills. Sentencing continued to the March 2015 term. Signed by District Judge Louise Wood Flanagan on 12/22/2014. (Castania, M.) (Entered: 12/22/2014) |
| 12/22/2014 | | Reset Hearing as to Bailey Joe Mills: Sentencing set for the March 2015 term in New Bern - Courtroom - before District Judge Louise Wood Flanagan. (Castania, M.) (Entered: 12/22/2014) |
| 02/03/2015 | | NOTICE OF HEARING as to Bailey Joe Mills: Sentencing set for 3/3/2015 at 10:00 AM in New Bern - Courtroom before District Judge Louise Wood Flanagan. The court's calendar will be available on the court's website approximately three weeks prior to sentencing. Internet Calendar Here (Tripp, S.) (Entered: 02/03/2015) |
| 02/11/2015 | 24 | |

**JOINT APPENDIX PAGE 4**

| | | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Bailey Joe Mills. (Dotson, S.) (Entered: 02/11/2015) |
|---|---|---|
| 02/24/2015 | | NOTICE TO COUNSEL (Ethan A. Ontjes) - Review of the docket indicates that no writ has yet been requested or issued to ensure defendant's attendance at the sentencing now set for 3/3/2015 at 10:00 a.m. in New Bern. (Tripp, S.) (Entered: 02/24/2015) |
| 02/24/2015 | 26 | MOTION for Extension of Time to File *Sentencing Memorandum* by Bailey Joe Mills. (Attachments: # 1 Text of Proposed Order) (Bembry, Cindy) (Entered: 02/24/2015) |
| 02/25/2015 | 27 | Application for Writ of Habeas Corpus ad Prosequendum as to Bailey Joe Mills *for Sentencing* by USA as to Bailey Joe Mills. (Ontjes, Ethan) (Entered: 02/25/2015) |
| 02/25/2015 | | Motion Submitted to District Judge Louise Wood Flanagan as to Bailey Joe Mills regarding 26 MOTION for Extension of Time to File *Sentencing Memorandum.* (Tripp, S.) (Entered: 02/25/2015) |
| 02/25/2015 | 28 | ORDER - Writ of Habeas Corpus ad Prosequendum Issued as to Bailey Joe Mills for sentencing on 3/3/2015 at 9:00 AM in New Bern. Signed by Magistrate Judge Robert T. Numbers, II on 2/25/2015. (Grady, B.) (Entered: 02/25/2015) |
| 02/25/2015 | 29 | ORDER granting 26 Motion for Extension of Time to File *Sentencing Memorandum* as to Bailey Joe Mills - Defendant shall file his sentencing memorandum and supporting documentation not later than February 25, 2015. Signed by District Judge Louise Wood Flanagan on 2/25/2015. (Tripp, S.) (Entered: 02/25/2015) |
| 02/25/2015 | 30 | SEALED Document by Bailey Joe Mills (Attachments: # 1 Exhibit Certificates, # 2 Exhibit Referral) (Bembry, Cindy) Modified on 2/25/2015 to remove 'proposed' from docket text (Tripp, S.). (Entered: 02/25/2015) |
| 02/25/2015 | 31 | MOTION to Seal 30 PROPOSED SEALED Document by Bailey Joe Mills. (Attachments: # 1 Text of Proposed Order) (Bembry, Cindy) (Entered: 02/25/2015) |
| 02/25/2015 | | Motion Submitted to District Judge Louise Wood Flanagan as to Bailey Joe Mills regarding 31 MOTION to Seal 30 PROPOSED SEALED Document. (Tripp, S.) (Entered: 02/25/2015) |
| 02/25/2015 | 32 | ORDER granting 31 Motion to Seal as to Bailey Joe Mills - Signed by District Judge Louise Wood Flanagan on 2/25/2015. (Tripp, S.) (Entered: 02/25/2015) |
| 03/02/2015 | 33 | MOTION to Continue *Sentencing* by USA as to Bailey Joe Mills. (Attachments: # 1 Text of Proposed Order) (Ontjes, Ethan) (Entered: 03/02/2015) |
| 03/02/2015 | | Set Hearing as to Bailey Joe Mills regarding 33 MOTION to Continue *Sentencing* - Motion Hearing set for 3/3/2015 at 10:00 AM in New Bern - Courtroom before District Judge Louise Wood Flanagan. (Tripp, S.) (Entered: 03/02/2015) |
| 03/03/2015 | 34 | Minute Entry for proceedings held before District Judge Louise Wood Flanagan in New Bern, NC: Defendant present with counsel - Assistant U.S. Attorney |

| | | present for USA - Sentencing began on 3/3/2015 for Bailey Joe Mills - Amended Presentence Report to be filed by probation - 33 Joint Motion to Continue Sentencing is allowed and sentencing will be set to reconvene during the May 2015 term of court - Defendant remanded to custody. (Court Reporter - David Collier) (Tripp, S.) Modified on 3/3/2015 to correct typographical error (Tripp, S.). (Entered: 03/03/2015) |
|---|---|---|
| 03/03/2015 | | ORAL ORDER granting 33 Motion to Continue *Sentencing* as to Bailey Joe Mills - Entered in open court by District Judge Louise Wood Flanagan on 3/3/2015. (Tripp, S.) (Entered: 03/03/2015) |
| 03/03/2015 | | Reset Hearing as to Bailey Joe Mills: Continuation of sentencing set for May 2015 term of court in New Bern - Courtroom before District Judge Louise Wood Flanagan. (Tripp, S.) (Entered: 03/03/2015) |
| 03/25/2015 | 35 | Writ of Habeas Corpus ad Prosequendum Returned Executed as to Bailey Joe Mills on 3/20/2015. (Tripp, S.) (Entered: 03/25/2015) |
| 04/01/2015 | | NOTICE OF HEARING as to Bailey Joe Mills: Sentencing set for 5/7/2015 at 10:00 AM in New Bern - Courtroom before District Judge Louise Wood Flanagan. The court's calendar will be available on the court's website approximately three weeks prior to sentencing. Internet Calendar Here (Tripp, S.) (Entered: 04/01/2015) |
| 04/20/2015 | 36 | Application for Writ of Habeas Corpus ad Prosequendum as to Bailey Joe Mills by USA as to Bailey Joe Mills. (Ontjes, Ethan) (Entered: 04/20/2015) |
| 04/20/2015 | 37 | ORDER -Writ of Habeas Corpus ad Prosequendum Issued as to Bailey Joe Mills for sentencing on 5/7/15 in New Bern. Signed by Magistrate Judge Robert T. Numbers, II on 4/20/15. (Powers, S.) (Entered: 04/20/2015) |
| 04/29/2015 | 38 | MOTION for Upward Departure by USA as to Bailey Joe Mills. (Ontjes, Ethan) (Entered: 04/29/2015) |
| 04/30/2015 | | Motion Submitted to District Judge Louise Wood Flanagan as to Bailey Joe Mills regarding 38 MOTION for Upward Departure. (Tripp, S.) (Entered: 04/30/2015) |
| 04/30/2015 | 39 | AMENDED PRESENTENCE INVESTIGATION REPORT (Sealed) as to Bailey Joe Mills. (Attachments: # 1 Supplement Revised PSR Memo) (Dotson, S.) (Entered: 04/30/2015) |
| 05/07/2015 | 41 | Minute Entry for proceedings held before District Judge Louise Wood Flanagan in New Bern, NC: Sentencing held on 5/7/2015 for Bailey Joe Mills - Defendant present with counsel - Assistant U.S. Attorney present for USA - Count 1 - Bureau of Prisons - 540 Months - Supervised Release - Life - Special Conditions imposed - Special Assessment $100.00 (due immediately) - Recommendations include vocational training - Defendant advised of appeal rights and remanded to custody. (Court Reporter - David Collier) (Tripp, S.) (Entered: 05/07/2015) |
| 05/07/2015 | | ORAL ORDER as to Bailey Joe Mills granting 38 MOTION for Upward Departure filed by USA - Entered in open court by District Judge Louise Wood Flanagan on 5/7/2015. (Tripp, S.) (Entered: 05/07/2015) |

**JOINT APPENDIX PAGE 6**

| 05/07/2015 | 43 | JUDGMENT as to Bailey Joe Mills - Count 1 - Bureau of Prisons - 540 Months - Supervised Release - Life - Special Conditions imposed - Special Assessment $100.00 (due immediately) - Recommendations include vocational training. Signed by District Judge Louise Wood Flanagan on 5/7/2015. (Tripp, S.) (Entered: 05/11/2015) |
|---|---|---|
| 05/18/2015 | 45 | Writ of Habeas Corpus ad Prosequendum Returned Executed as to Bailey Joe Mills on 5/15/2015. (Tripp, S.) (Entered: 05/18/2015) |
| 06/02/2015 | 46 | MOTION to Extend Time for Filing Notice of Appeal by Bailey Joe Mills. (Attachments: # 1 Text of Proposed Order) (Bembry, Cindy) (Entered: 06/02/2015) |
| 06/02/2015 | | Motion Submitted to District Judge Louise Wood Flanagan as to Bailey Joe Mills regarding 46 MOTION to Extend Time for Filing Notice of Appeal. (Tripp, S.) (Entered: 06/02/2015) |
| 06/04/2015 | 47 | ORDER granting 46 MOTION to Extend Time for Filing Notice of Appeal as to Bailey Joe Mills - Signed by District Judge Louise Wood Flanagan on 6/4/2015. (Tripp, S.) (Entered: 06/04/2015) |
| 06/05/2015 | 48 | NOTICE OF APPEAL by Bailey Joe Mills regarding 43 Judgment, (Bembry, Cindy) (Entered: 06/05/2015) |
| 06/05/2015 | 49 | Transmission of Notice of Appeal and Docket Sheet as to Bailey Joe Mills to US Court of Appeals regarding 48 Notice of Appeal - Final Judgment. NOTE: The Docketing Statement, Transcript Order Form and CJA-24 forms, if you are court appointed counsel, are available on our website at website. If CJA-24 forms are applicable, complete items 1-14, and 18 for each court reporter from whom you wish to order a transcript, and file each one separately in this case with the event Appeal-Proposed CJA-24. The CJA-24 forms will then be processed by the U.S.District Court Clerk's Office. (Tripp, S.) (Entered: 06/05/2015) |
| 06/05/2015 | 50 | US Court of Appeals Case Number 15-4325, Jeffrey S. Neal, Case Manager, for 48 Notice of Appeal - Final Judgment filed by Bailey Joe Mills. (Tripp, S.) (Entered: 06/05/2015) |
| 06/05/2015 | 51 | ORDER of US Court of Appeals (certified copy) as to Bailey Joe Mills regarding 48 Notice of Appeal - Final Judgment. The court appoints the Federal Defender for the Eastern District of North Carolina to represent Bailey Joe Mills on appeal. (Tripp, S.) (Entered: 06/05/2015) |
| 07/15/2015 | 52 | OFFICIAL TRANSCRIPT of ARRAIGNMENT HEARING proceedings as to Bailey Joe Mills for date of August 12, 2014 before Magistrate Judge Robert B. Jones, Jr., regarding 48 Notice of Appeal - Final Judgment. Court Reporter David J. Collier, Telephone number (919) 912-9698. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Does this satisfy all appellate orders for this reporter? - No. Please review Attorney obligations regarding the redaction of electronic transcripts of court proceedings available on the court's website. Redaction Request due 8/8/2015. Redacted Transcript Deadline set for 8/18/2015. Release of Transcript Restriction set for 10/16/2015. (Collier, David) (Additional |

**JOINT APPENDIX PAGE 7**

| | | |
|---|---|---|
| | | attachment(s) added on 7/16/2015: # 1 Corrected Transcript (as to cover sheet)) (Thuemmel Proctor, S.). (Entered: 07/15/2015) |
| 07/15/2015 | 53 | OFFICIAL TRANSCRIPT of SENTENCING HEARING proceedings as to Bailey Joe Mills for date of March 3, 2015 before District Judge Louise Wood Flanagan, regarding 48 Notice of Appeal - Final Judgment. Court Reporter David J. Collier, Telephone number (919) 912-9698. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Does this satisfy all appellate orders for this reporter? - No. Please review Attorney obligations regarding the redaction of electronic transcripts of court proceedings available on the court's website. Redaction Request due 8/8/2015. Redacted Transcript Deadline set for 8/18/2015. Release of Transcript Restriction set for 10/16/2015. (Collier, David) (Additional attachment(s) added on 7/16/2015: # 1 Corrected Transcript (as to cover sheet)) (Thuemmel Proctor, S.). (Entered: 07/15/2015) |
| 07/15/2015 | 54 | OFFICIAL TRANSCRIPT of SENTENCING HEARING proceedings as to Bailey Joe Mills for date of May 7, 2015 before District Judge Louise Wood Flanagan, regarding 48 Notice of Appeal - Final Judgment. Court Reporter David J. Collier, Telephone number (919) 912-9698. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Does this satisfy all appellate orders for this reporter? - Yes. Please review Attorney obligations regarding the redaction of electronic transcripts of court proceedings available on the court's website. Redaction Request due 8/8/2015. Redacted Transcript Deadline set for 8/18/2015. Release of Transcript Restriction set for 10/16/2015. (Collier, David) (Additional attachment(s) added on 7/16/2015: # 1 Corrected Transcript (as to cover sheet)) (Thuemmel Proctor, S.). (Entered: 07/15/2015) |
| 07/15/2015 | | Notice of Filing of Official Transcript 53 Transcript - Appeal, 52 Transcript - Appeal 54 Transcript - Appeal. The parties have seven calendar days from the filing of the transcript to file a Notice of Intent to Request Redaction. The parties must also serve a copy on the court reporter. After filing the Notice of Intent to Request Redaction, a party must submit to the court reporter, within 21 calendar days of the filing of the transcript, a written statement indicating where the personal data identifiers to be redacted appear in the transcript. (Collier, David) (Entered: 07/15/2015) |
| 07/16/2015 | | NOTICE OF CORRECTION regarding: 53 Transcript - Appeal, 52 Transcript - Appeal, 54 Transcript - Appeal. Cover sheets lists incorrect case number. See corrected transcripts filed under original entry. (Thuemmel Proctor, S.) (Entered: 07/16/2015) |



| PACER Service Center |
|---|
| Transaction Receipt |
| 09/21/2015 20:31:13 |

**JOINT APPENDIX PAGE 8**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CR-113-1FL

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **CRIMINAL INFORMATION** |
| | ) |
| BAILEY JOE MILLS | ) |

The United States Attorney charges that:

COUNT ONE

(Manufacture of Child Pornography)

In or about January 2014, in the Eastern District of North Carolina, the defendant, BAILEY JOE MILLS, did knowingly attempt to, and did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing the following visual depictions of such conduct. These visual depictions were produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce; all in violation of Title 18, United States Code Sections 2251(a) and (d).

ALLEGATION OF PRIOR CONVICTIONS

For purposes of Title 18, United States Code, Section 2251(e), and Title 18, United States Code, Section 2252(b), the defendant has previously been convicted of offenses under state law related to the sexual exploitation of children (including, but not limited to two convictions for indecent liberties with of a child).

<u>FORFEITURE ALLEGATION</u>

If convicted of the foregoing offense, BAILEY JOE MILLS, the defendant herein, shall forfeit to the United States-

(1) any visual depiction or book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of the offense(s);

(2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense(s); and

(3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense(s)

— all pursuant to Title 18, United States Code, Section 2253(a).

If any of the above-described forfeitable property, as a result of any act or omission of the defendant --

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 18, United States Code, Sections 2253(o) or 1467(n), whichever may be applicable, to seek forfeiture of any other property

of said defendant up to the value of the above forfeitable property.


THOMAS G. WALKER
United States Attorney


BY: ETHAN A. ONTJES
Assistant United States Attorney
Criminal Division

FILED IN OPEN COURT
ON _____8/12/14 MC____
Julie A. Richards, Clerk
US District Court
Eastern District of NC

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
### for the
Eastern District of North Carolina

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.  5:14-CR-113-FL-1 |
| | ) | |
| BAILEY JOE MILLS | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year.  I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date:  8/12/2014

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

CINDY BEAMER
*Printed name of defendant's attorney*

_____
*Judge's signature*

Robert B. Jones, Jr., U.S. Magistrate Judge
*Judge's printed name and title*

FILED IN OPEN COURT

ON _8/12/14 MC_

Julie A. Richards, Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT
EASTERN DISTRICT OF NORTH CAROLINA

Case No. 5:14-CR-113-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | **Consent to Proceed Before** |
| v. | ) | **United States Magistrate Judge** |
| | ) | |
| | ) | |
| BAILEY JOE MILLS | ) | |

   The United States Magistrate Judge has explained to me the nature of the offense(s) for which I am charged including the maximum penalties if found guilty. The Magistrate Judge has informed me of my right to assistance of legal counsel and my right to trial, judgment, and sentencing before a United States District Judge.

   I HEREBY WAIVE (GIVE UP) MY RIGHT TO BE ARRAIGNED BEFORE A UNITED STATES DISTRICT JUDGE AND THEREFORE CONSENT TO ARRAIGNMENT BEFORE A UNITED STATES MAGISTRATE JUDGE.

DATE: **8/12/2014**

_____
Defendant

_____
Defense Attorney

_____
Asst. United States Attorney

_____
ROBERT B. JONES, JR.
U.S. Magistrate Judge

**JOINT APPENDIX PAGE 13**

1

```
 1                IN THE UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF NORTH CAROLINA
 2                        WESTERN DIVISION

 3

 4   UNITED STATES OF AMERICA,        )
                                      )
 5                                    )
                                      ) Case No.
 6                                    ) 5:14-CR-00113-FL
                                      )
 7   BAILEY JOE MILLS,                )
                    Defendant.        )
 8   _____

 9
                          SENTENCING HEARING
10        BEFORE DISTRICT JUDGE LOUISE WOOD FLANAGAN
                   MARCH 3, 2015; 10:29 A.M.
11                 NEW BERN, NORTH CAROLINA
     _____
12
     FOR THE GOVERNMENT:
13
     Ethan A. Ontjes
14   U.S. Attorney's Office
     310 New Bern Avenue, Suite 800
15   Raleigh, North Carolina  27601-1461

16   FOR THE DEFENDANT:

17   Cindy J. Bembry
     Federal Public Defender's Office
18   150 Fayetteville Street, Suite 450
     Raleigh, North Carolina  27601
19

20

21

22        Proceedings recorded by mechanical stenography,
     transcript produced by computer.
23   _____

24             DAVID J. COLLIER, RMR, CRR
            FEDERAL OFFICIAL COURT REPORTER
25                   413 MIDDLE STREET
                   NEW BERN, NC  28560
```

2

```
 1                    P R O C E E D I N G S

 2                   - - - o0o - - -

 3          THE COURT:  Mr. Mills, this is the time the Court had

 4   set aside to sentence you, and in reviewing the presentence

 5   report and preparing for the proceeding, the Court had some

 6   concerns with how relevant conduct was being applied in this

 7   case and whether the guidelines were fully considered and

 8   raised some questions with the probation officer who very

 9   quickly looked into this and discovered some mistakes had been

10   made in the presentence report, and he's spent a lot of time

11   since last Friday looking into this, including it's been

12   reported to me consulting with the Sentencing Commission, and

13   Mr. Whitaker, if you would go into some detail here as it

14   relates to Mr. Mills.

15          MR. WHITAKER:  Yes, Your Honor.

16          The charging document that Mr. Mills pled guilty to

17   notes the date of in or about January of 2014.  Based on

18   relevant conduct, the offense of conviction can only be related

19   to the videos produced in January of 2014.

20          THE COURT:  So we have 11 victims here.

21          MR. WHITAKER:  Yes, Your Honor.

22          THE COURT:  And your original report considered all

23   of them --

24          MR. WHITAKER:  Yes, Your Honor.

25          THE COURT:  -- and went through the grouping, but now
```

1    it's manifest that based on the charge and the application of

2    the guidelines, only victim number 3, who happened to be one of

3    the older victims, JJ, who is 13, that is the victim around

4    whom the sentencing would be constructed.

5              MR. WHITAKER:  That's correct, Your Honor.  The

6    conduct that will become -- it will become conduct not part of

7    relevant conduct and the new presentence report won't

8    incorporate the ten victims.  The offense of conviction will

9    only incorporate the one victim charged in the actual count of

10   conviction.  And again I draw the Court's attention to the

11   relevant conduct under 1B1.3(a)(1)(A), it says:  All acts and

12   omissions committed, aided, abetted, counseled, commanded,

13   induced, procured, or willfully caused by the defendant that

14   occurred during the course and commission of the offense of

15   conviction, which that would be the offense that occurred in

16   January of 2014.

17             Additionally, Your Honor, the other victims, based on

18   1B1.3 as well as the grouping rules of Chapter 3, cannot be

19   grouped because they're separate actual harms, so they cannot

20   be brought in.  If the charging document incorporated a span of

21   say July or June of 2013 to January of 2014 then they would

22   become relevant conduct and could be brought in; however, since

23   it has a specific date I am limited to relevant conduct only

24   related to one victim.

25             THE COURT:  And the report that is now determined to

1  be incorrect provided ultimately for a total offense level of

2  43 based on the grouping, and with a criminal history category

3  of V the recommendation was life, and now based on the change

4  it's your preliminary assessment that the recommendation is 262

5  to 327.

6          MR. WHITAKER:  Correct.  A preliminary review of the

7  report would be an adjusted offense level of 38, minus three

8  levels for acceptance of responsibility.  Based on the Chapter

9  4 repeat offender, sex offender, enhancement he would have a

10  Criminal History Category of V, so the offense level would

11  become 35 with a Criminal History Category of V, which would be

12  262 to 327; however, he faces the mandatory -- statutory

13  mandatory minimum of 35 years, so actually his guideline range

14  would become 35 years.

15          THE COURT:  All right.  420 months.

16          Okay.  The Government's motion for a continuance is

17  allowed and I'll set the case involving Mr. Mills for

18  sentencing at the May term.  The change in circumstance

19  certainly gives the Court some pause, and I provide notice that

20  it is a case in which I will be considering the necessity of an

21  upward departure to accomplish the purposes of sentencing;

22  however, I look forward to receiving the revised report and

23  will take up any arguments either side wants to bring to my

24  attention, if there's any motion either side wants to make

25  you've got the opportunity so to make it, and I will, unless

```
 1    there's anything further, see you all in May.
 2              Is there anything further?
 3              MS. BEMBRY:  Yes, Your Honor.  With the notice from
 4    the Court of the upward departure, would the Court allow being
 5    heard through some pleading prior to the sentence on that
 6    issue?
 7              THE COURT:  Oh, certainly.
 8              MS. BEMBRY:  Thank you.
 9              THE COURT:  Just as long as you file it seven days
10    before the sentencing hearing.  Certainly.
11              MS. BEMBRY:  Thank you, Your Honor.
12              THE COURT:  Anything from the Government?
13              MR. ONTJES:  Well, Your Honor, of course the
14    United States does intend to file a motion for upward departure
15    pursuant to 5K2.21 in that matter.
16              THE COURT:  Well, let's structure your timing of
17    that.  When are you going to file that?  I guess you want to
18    see the report.
19              MR. ONTJES:  I do, Your Honor, but I think my
20    preliminary review of the case law as well as the guidelines,
21    Application Note -- specifically Application Note Number 6,
22    upward departure under 2G1.1 where you have ten or more victims
23    is a grounds for upward departure.  Of course now that the
24    relevant conduct is now being put under the Other Conduct
25    section, I think that also constitutes a grounds for upward
```

**JOINT APPENDIX PAGE 18**

1   departure under 5K2.21 here for uncharged conduct, so I believe

2   there's several grounds on which the Government will be

3   providing notice to defendant of its intent to seek upward

4   departure.

5         THE COURT:  Well, Mr. Whitaker has some work to do

6   and I thank him for his thoughtfulness in further assessing the

7   issues raised and his responsiveness, and I'm confident the

8   report will be very thoroughly considered when it's provided to

9   you and then you can do whatever you think you need to do to

10  advocate for your client.

11        Is there anything further, Ms. Bembry, before I take

12  a brief recess?

13        MS. BEMBRY:  No, Your Honor.

14        THE COURT:  Okay.  Mr. Ontjes?

15        MR. ONTJES:  No, Your Honor.  Thank you.

16        THE COURT:  We'll take a ten minute recess.

17                    - - - - -

18          (Proceedings concluded at 10:36 a.m.)

19                    - - - - -

20

21

22

23

24

25

```
 1                 C E R T I F I C A T E

 2

 3          This is to certify that the foregoing transcript of

 4     proceedings taken in a sentencing hearing in the United States

 5     District Court is a true and accurate transcript of the

 6     proceedings taken by me in machine shorthand and transcribed by

 7     computer under my supervision, this the 11th day of July, 2015.

 8

 9

10                                      /S/ DAVID J. COLLIER

11

12                                   DAVID J. COLLIER

13                                   OFFICIAL COURT REPORTER

14

15

16

17

18

19

20

21

22

23

24

25
```

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No: 5:14-CR-113-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | GOVERNMENT'S MOTION FOR |
| v. | ) | UPWARD DEPARTURE AND |
| | ) | SUPPORTING MEMORANDUM |
| BAILEY JOE MILLS | ) | |

The United States of America, by and through the United

States Attorney for the Eastern District of North Carolina,

moves this Court to upwardly depart from the established

sentencing guideline range, pursuant to U.S.S.G. §§ 4A1.3 and

5K2.21, and sentence the defendant to a life term of

imprisonment.  The Government's motion is based upon 1) the

defendant's hands-on sexual abuse and production of child

pornography as related to the ten other identified child victims

in this matter, 2) the defendant's receipt and possession of a

vast collection of child pornography, and 3) the defendant's

strong likelihood of recidivism.

## STATEMENT OF FACTS

As described in the "Offense Behavior Not Part of Relevant

Conduct" section in the defendant's Presentence Investigation

Report (PSR), Mills was engaged in the hands-on sexual assault

and production of child pornography with numerous children

between the summer and the fall of 2013.  (PSR ¶¶ 10-14).  A

total of at least 125 videos and 942 still images involving the sexual exploitation of ten other children produced by the defendant have been recovered during this long term criminal investigation. A description of each victim, the number of images/videos recovered that relate to that victim, and the prohibited sexual acts perpetrated on the child is provided in a chart in the defendant's PSR. (PSR ¶ 11). Additionally, the National Center for Missing and Exploited Children (NCMEC) has identified images of several of the child victims that Mills distributed to like-minded individuals in Australia and California. (PSR ¶ 12).

As described in the PSR, this investigation determined that many of the identified victims were placed in the defendant's supervisory care by their unsuspecting parents or legal guardians between the summer and the fall of 2013. Further, it was uncovered that the defendant paid several of the children to engage in sexual acts with him and other adult male "customers". Specifically, in one of the videos as described in the chart, Mills tells victim #4-BM that she will be paid for performing oral sex on the other adult male in the video until he ejaculates. Mills is also heard informing the eight year old victim #4-BM that he is in negotiations with several other men willing to pay to have sex with her.

In addition to the defendant's production of child pornography involving the ten other identified children, the defendant was found in possession of **over 10,000** images of child pornography.  The images and videos depict prepubescent children as young as infants engaged in sadistic and masochistic conduct with adult males, as well as bestiality. (PSR ¶ 12).

On August 12, 2014, pursuant to a written plea agreement, the defendant pled guilty to manufacture of child pornography. Due to the defendant's two separate prior convictions for indecent liberties with a child, he faces a statutory mandatory minimum 35 years to life, and an advisory guideline sentence of 420 months.  Sentencing is scheduled on May 7th, 2015, in New Bern, North Carolina.

<u>**ARGUMENT**</u>

**A. An Upward Departure Is Warranted Based On The Defendant's Uncharged Conduct.**

The Court, pursuant to U.S.S.G. § 4A1.3(a)(2)(E), may depart upward from the guideline sentence for prior similar conduct not resulting in a criminal conviction, to reflect the actual seriousness of the offense for which the defendant is being sentenced.  Defendant's unimaginable conduct involving the child victims described in the PSR chart between the summer and fall of 2013 demands such an upward departure here.  The Fourth Circuit has repeatedly allowed an upward departure to stand

pursuant to this guideline section application. See United States v. Grubbs, 585 F.3d 793, 804-05 (4th Cir. 2009) (upholding an upward departure where defendant had a twenty-year history of molesting juveniles, not all of which were convicted); United States v. Cunningham, 554 Fed. Appx. 126, 128 (4th Cir. 2014) (per curiam) (concluding that upward departure for prior similar conduct was not error); United States v. Whorley, 550 F.3d 326, 331 (4th Cir. 2008) (affirming upward departure when prior conduct had not resulted in defendant's prosecution and conviction).

The defendant's prior similar conduct involving the ten other juvenile victims as described in the PSR chart is *identical* to the present matter before the court. As in the current case, the defendant manipulated and sexually exploited these other children by providing them with gifts, alcohol, or promises of payment of money in order to perpetuate his despicable acts upon them. Defendant also used his adult supervisory role to hide his actions from the children's parents or guardians, including his own wife as it related to his molestation of his two sons, victims #10 and #11. Thus, pursuant to § 4A1.3(a)(2)(E), an upward departure to include his prior similar conduct not resulting in a criminal conviction is warranted here.

**B. The Defendant's Advisory Sentencing Guidelines Do Not Adequately Represent The Entire Conduct At Issue In The Criminal Information.**

United States Sentencing Guidelines § 5K2.21 encourages an upward departure to reflect the actual seriousness of the offense based on conduct (1) underlying a potential charge not pursued in the case as part of a plea agreement or for any other reason; and (2) that did not enter into the determination of the applicable guideline range. In the present case, the defendant pled guilty to the manufacture of child pornography "in or about January 2014," involving victim #2-JJ pursuant to the written Plea Agreement. As stated in the PSR, the defendant's relevant conduct was limited to January, 2014. (PSR ¶ 3). Regrettably and to the surprise of the undersigned, Mills' related conduct involving the production of child pornography with the other ten children as described in the chart described above is not reflected in his sentencing guideline range. Further, the defendant's receipt and possession of more than 10,000 images of CP as described in PSR ¶ 13 was not considered in his guideline calculations. Many of the images were of children under the age of 12 including toddlers, as in the case here, and involved very violent, sadistic, and masochistic conduct.

The Fourth Circuit has held that an upward departure pursuant to § 5k2.21 requires only "some degree of connection between the charged and uncharged offenses, and even a remote

connection will suffice to support the departure." <u>United States v. Sutton</u>, 401 Fed. Appx. 845, 848 (4th Cir. 2010) (quotations omitted). In <u>Sutton</u>, the defendants engaged in a string of robberies, only some of which were charged while others dismissed, pursuant to a plea agreement. <u>Id.</u> The Court there affirmed the conviction because of the substantial similarity between the uncharged and charged offenses, referencing the "modus operandi" of the entire conduct. <u>Id.</u> Here, the defendant's entire unlawful conduct before this Court involved the same methods and means of manipulating and sexually exploiting the children while in his care and in the privacy of his home. The factual circumstances surrounding the other children as described in the PSR chart support an even stronger "connection between the charged and uncharged offenses" than isolated robberies in a continuous act. <u>Sutton</u>, 401 Fed. Appx. at 848. Accordingly, an upward departure from the advisory guideline range pursuant to U.S.S.G. § 5K2.21 is completely justified in order to meet the sentencing factors as enumerated in 18 U.S.C. § 3553(a).

### C. The Defendant's Prior Conduct and Current Conduct Reflect a Substantial Likelihood of Recidivism.

It is appropriate for the Court to depart upwardly when the defendant's criminal history or conduct consists of crimes similar in nature to the present offense, which is indicative of

a particular propensity to commit a particular type of crime, and shows a high probability of recidivism.  Defendant's current matter and prior criminal history and conduct as described above are indicative of a recidivist in need for a long-term period of incarceration.

The Fifth Circuit articulated this concept by stating:

> Prior similar adult criminal conduct may indicate the seriousness of the past crimes and the likelihood of future crimes whether or not it has resulted in conviction. The recidivist's relapse into the same criminal behavior demonstrates his lack of recognition of the gravity of his original wrong, entails greater culpability for the offense with which he is charged, and suggests an increased likelihood that the offense will be repeated yet again. While the prior similar adult criminal conduct that has resulted in conviction may have already been counted under section 4A1.2(e)(1) or (2) when computing the criminal-history category, the similarity between the two offenses provides the district court with additional reason to enhance the sentence under §4A1.3.

United States v. DeLuna-Trujillo, 868 F.2d 122, 125 (5th Cir. 1989) (internal punctuation omitted).  This court may depart upward under § 4A.1.3 solely on the basis that the defendant has a sufficient likelihood of recidivism, without the need to examine the seriousness of the defendant's criminal history.  United States v. Shrader, 56 F.3d 288, 292 (1st Cir. 1995).  See also United States v. Blake, 81 F.3d 498, 504-05 (4th Cir. 1996) (affirming an upward departure for a defendant who "pose[d] a greater risk of serious recidivism.").

The defendant's prior criminal history and current conduct at issue here clearly demonstrate his strong likelihood of recidivism. Both are very similar in that they involve the hands-on sexual abuse of children. Specifically, as described in the PSR, the defendant's two prior separate felony convictions for indecent liberties with a child involved the sexual abuse of a three year old child and an eleven year old child respectively. (PSR ¶¶ 16, 18). Defendant's supervision was terminated on July 26, 2006, and he was inexplicably removed from the sex offender registry on October 26, 2011. *Less than two years later*, the defendant again engaged in the hands-on sexual abuse of children, as well as the production of child pornography. Accordingly, defendant's current conviction conduct in light of his prior criminal history as described above confirms that he is a recidivist in need of a much longer period of incarceration than that provided by the advisory guideline range here.

## CONCLUSION

The defendant's hands-on sexual abuse and production of child pornography as related to ten identified child victims, his receipt and possession of a vast collection of child pornography, and his likelihood of recidivism all justify a sentence above the advisory guideline range here. Accordingly, the Government respectfully requests this Court to grant the

Government's motion for an upward departure and sentence the defendant to a life sentence.

 Respectfully submitted, this 29th day of April, 2015.

THOMAS G. WALKER
United States Attorney


/s/ Ethan A. Ontjes_____
ETHAN A. ONTJES
Attorney for the United States
United States Attorney's Office
301 New Bern Avenue, Suite 800
Raleigh, NC 27601
Telephone: (919) 856-4540
NC Bar No. 29784

CERTIFICATE OF SERVICE

This is to certify that I have this 29th day of April 2015, served a copy of the government's upward departure motion upon the defendant in this action by electronically filing the foregoing with the Clerk of court using the CM/ECF system which will send notification of such filing to:

Ms. Cindy Bembry
Assistant Public Defender
Raleigh, North Carolina

By:    /s/ Ethan A. Ontjes
       ETHAN A. ONTJES
       Assistant United States Attorney
       Criminal Division
       U.S. Attorney's Office, EDNC
       310 New Bern Avenue, Suite 800
       Raleigh, North Carolina 27601
       Telephone: 919-856-4530
       NC Bar No. 29784

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of North Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | ) |
| | ) |
| | ) Case Number:  5:14-CR-113-1FL |
| BAILEY JOE MILLS | ) |
| | ) USM Number: 58632-056 |
| | ) |
| | ) Cindy J. Bembry |
| | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    Count 1

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §2251(a), | Manufacture of Child Pornography | 1/1/2014 | 1 |
| 18 USC §2251(d) and | | | |
| 18 USC §2251(e) | | | |

The defendant is sentenced as provided in pages 2 through ____7____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)    ☐ is    ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Sentencing Location:
New Bern, NC

5/7/2015
Date of Imposition of Judgment

*Louise W. Flanagan*
Signature of Judge

Louise W. Flanagan, U.S. District Court Judge
Name and Title of Judge

5/7/2015
Date

AO 245B    (Rev. 09/11) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page  2  of  7

DEFENDANT:    BAILEY JOE MILLS
CASE NUMBER:    5:14-CR-113-1FL

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

540 Months

☑ The court makes the following recommendations to the Bureau of Prisons:

The court recommends that defendant receive vocational training and educational opportunities while incarcerated. The court recommends defendant receive a mental health assessment and mental health treatment while incarcerated and that he receive intensive sex offender treatment.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a m. ☐ p m.    on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____  to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

| | Judgment—Page | 3 | of | 7 |
| --- | --- | --- | --- | --- |

DEFENDANT:   BAILEY JOE MILLS
CASE NUMBER:   5:14-CR-113-1FL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

  Life

        The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

☑    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

☑    The defendant shall cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable.)*

☑    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable.)*

        If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

        The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

Judgment—Page    4    of    7

DEFENDANT:  BAILEY JOE MILLS
CASE NUMBER:  5:14-CR-113-1FL

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall provide the probation office with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office.

The defendant shall submit to a psycho-sexual evaluation by a qualified mental health professional who is experienced in evaluating sexual offenders and who is approved by the U.S. Probation Officer.

The defendant shall participate in a program of mental health treatment, as directed by the probation office.

The defendant shall participate in a sex offender treatment program as directed by the U.S. Probation Officer, and the defendant shall comply with and abide by all the rules, requirements, and conditions of the treatment program until discharged.  The defendant shall take medication as prescribed by the treatment provider.

At the direction of the U.S. Probation Officer, the defendant shall submit to physiological testing, which may include, but is not limited to, polygraph examinations or other tests to monitor the defendant's compliance with probation or supervised release and treatment conditions.

The defendant's residence and employment shall be approved by the U.S. Probation Officer.  Any proposed change in residence or employment must be provided to the U.S. Probation Officer at least 10 days prior to the change and pre-approved before the change may take place.

The defendant shall not possess any materials depicting and/or describing "child pornography" and/or "simulated child pornography" as defined in 18 U.S.C. § 2256, nor shall the defendant enter any location where such materials can be accessed obtained or viewed.

The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.), as directed by the U.S. Probation Officer, the Bureau of Prisons, or any state or tribal government sex offender registration agency in a state where the defendant resides, works, is a student, or was convicted of a qualifying crime.

The defendant shall not associate or have verbal, written, telephonic, or electronic communications with any person under the age of eighteen (18), except:  (1) in the presence of the parent or legal guardian of said minor; (2) on the condition that the defendant notifies the parent or legal guardian of the defendant's conviction or prior history; and (3) with specific, written approval from the U.S. Probation Officer.  This provision does not encompass persons under the age of eighteen with whom the defendant must deal in order to obtain ordinary and usual commercial services (e.g., waiters, cashiers, ticket vendors, etc.).

The defendant shall not loiter within 1,000 feet of any area where minors frequently congregate (e.g., parks, school property, playgrounds, arcades, amusement parks, day-care centers, swimming pools, community recreation fields, zoos, youth centers, video arcades, carnivals, and circuses) without prior written permission from the U.S. Probation Officer.

The defendant shall not use, purchase, possess, procure, or otherwise obtain any computer or electronic device that can be linked to any computer networks, bulletin boards, internet, internet service providers, or exchange formats involving computers unless approved by the U.S. Probation Officer.

To ensure compliance with supervision, the defendant shall submit to unannounced searches of any computer or computer equipment (including mobile phones) which, in the discretion of the U.S. Probation Officer, may include the use of computer monitoring technology, computer search or analysis software, and copying of all data from the device and external peripherals.  Such examination may require the removal of devices from your possession for the purpose of conducting a thorough inspection.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Sheet 3B — Supervised Release

Judgment—Page  5  of  7

DEFENDANT:  BAILEY JOE MILLS
CASE NUMBER:  5:14-CR-113-1FL

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

At the direction of the U.S. Probation Officer, the defendant shall consent to the installation of systems or software that will allow the probation officer or designee to monitor computer use on any computer that the defendant owns or is authorized to use.  The defendant shall pay the cost of this monitoring.

The defendant shall not use, possess, or control any computer-based counter forensic tools.  The defendant shall not use or have installed any programs specifically and solely designed to encrypt data, files, folders, or volumes of any media. The defendant shall, upon request, immediately provide the U.S. Probation Officer with any and all passwords required to access data compressed or encrypted for storage by any software.

The defendant shall submit to a search of person, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant.  The search may be conducted by an law enforcement officer of probation officer with reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

The defendant shall cooperate in the collection of DNA as directed by the probation officer

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page   6   of   7

DEFENDANT:   BAILEY JOE MILLS
CASE NUMBER:   5:14-CR-113-1FL

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 0.00 | $ 0.00 |

☐   The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **TOTALS** | $ _____ 0.00 | $ _____ 0.00 |  |

☐   Restitution amount ordered pursuant to plea agreement   $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐   the interest requirement is waived for the   ☐   fine   ☐   restitution.

    ☐   the interest requirement for the   ☐   fine   ☐   restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___7___ of ___7___

DEFENDANT:   BAILEY JOE MILLS
CASE NUMBER:   5:14-CR-113-1FL

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐   Lump sum payment of $ _____ due immediately, balance due

      ☐   not later than _____ , or
      ☐   in accordance    ☐  C,    ☐  D,    ☐   E, or    ☐  F below; or

**B** ☐   Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C** ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of  $ _____ over a period of
      _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of  $ _____ over a period of
      _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
      term of supervision; or

**E** ☐   Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
      imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑   Special instructions regarding the payment of criminal monetary penalties:

    The special assessment in the amount of $100.00 is due in full immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CR-113-1FL

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NOTICE OF APPEAL |
| BAILEY JOE MILLS | |

Pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure, NOTICE IS HEREBY GIVEN that the defendant, Bailey J. Mills, hereby appeals to the Fourth Circuit Court of Appeals from the judgment entered in this court in the above-captioned case. As judgment was entered by the Honorable Judge Louise W. Flanagan on May 7, 2015, this notice is therefore filed within the time specification established under Rule 4(b), as extended by Rule 4(b)(4) for excusable neglect or good cause shown.

Respectfully requested this 5th day of June, 2015.

*/s/ Cindy J. Bembry*
CINDY J. BEMBRY
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: cindy_bembry@fd.org
N.C. State Bar No. 41788
LR 57.1 Counsel
Appointed

1

*CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a copy of the foregoing was served upon:

ETHAN ONTJES
Assistant United States Attorney
Suite 800, Federal Building
310 New Bern Avenue
Raleigh, NC 27601-1461

by electronically filing the foregoing with the Clerk of Court on June 5, 2015, using the CM/ECF system which will send notification of such filing to the above.

This the 5th day of June, 2015.

*/s/ Cindy J. Bembry*
CINDY J. BEMBRY
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: cindy_bembry@fd.org
N.C. State Bar No. 41788
LR 57.1 Counsel
Appointed

2

**JOINT APPENDIX PAGE 39**

## CERTIFICATE OF SERVICE

### <u>CM/ECF - Mixed Service</u>

I hereby certify that on September 28, 2015, I electronically filed the foregoing document with

the Clerk of Court using the CM/ECF system, which will send notice of such filing to the

following registered CM/ECF users:

> MS. JENNIFER P. MAY-PARKER
> USANCE.ECFAPPEALS@USDOJ.GOV

I further certify that on September 28, 2015, I have mailed the foregoing document by First-Class

Mail, postage prepaid, to the following non-CM/ECF participants, addressed as follows:

> Ms. Jennifer P. May-Parker
> Assistant United States Attorney
>   For the Eastern District of North Carolina
> Terry Sanford Federal Building
> 310 New Bern Avenue, Suite #800
> Raleigh, North Carolina 27601-1461

*/s/ Stephen C. Gordon*