IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

NO. 15-4325

———————

UNITED STATES OF AMERICA,
Appellee,

v.

BAILEY JOE MILLS,
Appellant.

———————————————————

AMENDED BRIEF FOR APPELLANT

———————————————————

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NORTH CAROLINA

_____

THOMAS P. McNAMARA
Federal Public Defender
150 Fayetteville Street, Suite #450
Raleigh, North Carolina 27601

STEPHEN C. GORDON
Assistant Federal Public Defender
150 Fayetteville Street, Suite #450
Raleigh, North Carolina 27601

**Counsel For Appellant**

# TABLE OF CONTENTS

Page

Table of Cases, Statutes, and Authorities............................... ii

Statement of Jurisdiction............................................. 1

Issue  Presented for Review........................................ 2

Statement of the Case.............................................. 3

Summary of Argument ............................................ 12

Argument

      The District Court Committed Plain Error By Increasing Mr.
      Mr. Mills' Statutory Minimum and Maximum Sentence On The
      Basis of His Prior Convictions. ................................. 14

        *A. The North Carolina Offense of Indecent Liberties With A
        Minor Is Not One That Relates To The Sexual Exploitation Of
        Children Within The Meaning Of 18 U.S.C. § 2251(e)..*.............. 16

        *B. The North Carolina Offense of Indecent Liberties With A
        Minor Does Not Qualify As One Of The Crimes Enumerated In
        § 2251.* .................................................. 26

        *C.  Alternatively, To Avoid Holding That 18 U.S.C. § 2251(e)
        Is Void For Vagueness, This Court Should Construe The Offenses
        That Trigger The Statutory Enhancements As Requiring Physical
        Contact Between The Defendant And The Victim.*.................. 32

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

Statement Regarding Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

Certificate of Compliance with Typeface and Length Limitations

Certificate of Service of Brief and Appendix

iii

# TABLE OF CASES, STATUTES, AND AUTHORITIES

## CASES

*Edward J. DeBartolo Corp. v. Florida Gulf Coast Building &Construction Trades Council,*
    485 U.S. 568 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

*Johnson v. United States,*
    ___ U.S. ___, 135 S. Ct. 2551 (2015). . . . . . . . . . . . . . . . . . . . . . . 32-33, 37

*Lockhart v. United States,*
    ___ U.S. ___, 136 S. Ct. 958 (2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Morales v. Trans World Airlines Inc.,*
    504 U.S. 374 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

*Norfolk S. Ry Co. v. City of Alexandria,*
    608 F.3d 150 (4th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

*United States v. Diaz-Ibarra,*
    522 F.3d 434 (4th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

*United States v. Galo,*
    239 F.3d 572 (3d Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*United States v. Gilbert,*
    425 Fed. App'x 212 (4th Cir. 2011)
    (per curiam; unpublished). . . . . . . . . . . . . . . . . . . . . . 28-30, 32, 34, 36

*United States v. Mills,*
    Fourth Cir. No. 15-4325. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

*United States v. Obey*,
    790 F.3d 545 (4th Cir. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Pavulak*,
    700 F.3d 651 (3d Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*United States v. Randolph*,
    364 F.3d 118 (3d Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*United States v. Vann*,
    660 F.3d 771 (4th Cir. 2011)*(en banc)*. . . . . . . . . . . . . . . . . . . . . . . . . 31

## STATUTES AND AUTHORITIES

18 U.S.C. § 924(e).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 30-31, 33

18 U.S.C. § 2242 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

18 U.S.C. § 2243 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

18 U.S.C. § 2244 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

18 U.S.C. § 2251. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

18 U.S.C. § 2251A. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

18 U.S.C. § 2252. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 20

18 U.S.C. § 2252A. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 20, 27-28

18 U.S.C. § 2256. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 32

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3509 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

18 U.S.C. § 3742(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

N.C. Gen. Stat. § 7B-301(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

N.C. Gen. Stat. § 14-33 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

N.C. Gen. Stat. § 14-202.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8, 26-27

N.Y. Penal Law 230.04 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

U.S.S.G. § 4B1.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

U.S.S.G. § 5G1.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

U.S.S.G. § 5K2.21 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## OTHER AUTHORITIES

*Webster's New Third International Dictionary* (1981 ed.) . . . . . . . . . . . . . . . . . 35

## STATEMENT OF JURISDICTION

The district court had jurisdiction under 18 U.S.C. §§ 2251(a) and (d), and 18 U.S.C. § 3231.  This Court's jurisdiction is pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  Bailey Joe Mills filed a timely notice of appeal on June 5, 2015.  This appeal is from a final order.

## ISSUE PRESENTED FOR REVIEW

Whether the North Carolina offense of indecent liberties with a

minor, N.C. Gen. Stat. § 14-202.1, triggers either of the enhanced penalty

provisions of 18 U.S.C. § 2251(e).

# STATEMENT OF THE CASE

*A. Procedural History*

In June 2014, the United States Attorney for the Eastern District of North Carolina filed a criminal information that charged the appellant, Bailey Joe Mills, with manufacturing child pornography.  18 U.S.C. §§ 2251(a) and (d).  (J.A. 2 #4, 9).  On August 12, 2014, and pursuant to an agreement with the government, Mr. Mills pled guilty to the charge in United States District Court.  (J.A. 3 #13 and #16, 31, 40, 49, 68).  On May 7, 2015, the court sentenced him to imprisonment for a term of 540 months–forty-five years–the sentence representing a ten-year upward departure from the top of the advisory guideline range.  (J.A. 6 #41, 32, 90, 122-23, 129).

Mr. Mills appealed on June 5, 2015.[1]  (J.A. 7 #48, 38).  On September 28, 2015, he filed his opening brief in this Court.  (*United States v. Mills*, No.

---

[1] On June 2, 2015, Mr. Mills filed a motion to extend the time for giving notice of appeal.  (J.A. 7 #46).  The district court granted the motion on June 4, 2015.  (J.A. 7 #47).

3

15-4325, Fourth Circuit Docket Sheet #17 (hereinafter "Docket Sheet #__").

Later, on November 13, 2015, the government moved to place this case in

abeyance pending a ruling by the United States Supreme Court in *Lockhart*

*v. United States*, Supreme Court No. 14–8358.  (Docket Sheet #31).  The

*Lockhart* decision came down on March 1, 2016.  ___ U.S. ___, 136 S. Ct. 958

(2016).  The government filed a motion on March 4, asking this Court to

reinstate the briefing order, and this Court did that same day.  (Docket

Sheet #34 and #35).  Pursuant to that order, Mr. Mills is submitting this

Amended Brief for Appellant.[2]

### B. Factual Background

According to the government, in early January 2014, the Harnett

County, North Carolina, Sheriff's Office investigated the appellant, Bailey

Joe Mills, after a twelve-year-old girl told authorities Mr. Mills had had

sexual intercourse with her on three occasions.  (J.A. 75).  The girl, "AU,"

---

[2]Mr. Mills does not read *Lockhart* as having relevance to the issues in
this appeal, and therefore he will not discuss the case in this brief.

also said Mr. Mills paid her to allow one William Towner Akers to have intercourse with her.  (J.A. 75).

Investigators learned Mr. Mills had offered $300 to another minor, this one a thirteen-year-old girl, to have intercourse with him.  (J.A. 75).  The girl, "TB," refused.  (J.A. 75).  TB told law enforcement Mr. Mills had shown AU a video he had made of a man having AU fellate him.  (J.A. 75).

On January 5, 2014, authorities searched Mr. Mills' house.  (J.A. 69, 75).  They seized a number of computers, cellular telephones, and computer storage devices.  (J.A. 69, 75).  One of the telephones contained a video of child pornography involving a thirteen-year-old girl, JJ.  (J.A. 75).  The video, created on the day the search occurred, showed Mr. Mills receiving oral sex from JJ and having intercourse with her.  (J.A. 75).

Some ten months later, in October 2014, Mr. Mills' wife, Elizabeth, informed authorities that during a jail visit, Mr. Mills had told her to "clean out the air vents in the house."  (J.A. 75).  When she did, she found an external hard drive hidden in one of them; Ms. Mills threw the drive into a

pond behind the house. (J.A. 75). Investigators salvaged the drive the
following month, but it had sustained so much water damage by then that
nothing could be recovered from it. (J.A. 75).

From the materials seized from Mr. Mills' home, authorities
identified eight more minors who were victims of illegal sexual conduct.
(J.A. 76). The investigators identified a ninth minor, a girl, from a video
that showed her dancing around a "stripper pole" and wearing lingerie.
(J.A. 76). According to the investigators, Mr. Mills had created all of this
material between the summer and fall of 2013. (J.A. 76). Several of the
victims appearing in the images and videos had been paid by Mr. Mills to
allow him and others to perform sexual acts on them. (J.A. 76).
Investigators learned, moreover, that three of the child victims were related
to Mr. Mills, and several minors had been left in Mr. Mills' care when their
parents were elsewhere. (J.A. 78). Of the eleven victims, Mr. Mills
appeared in pornographic videos and images with five of them. (J.A. 77-
78, chart, and ¶13).

6

Investigators ultimately came to believe that Mr. Mills had made at least 125 videos and had taken at least 492 still images. (J.A. 78). He also possessed child pornography that he had not personally produced, consisting of some 10,000 pornographic images (including depictions of bestiality with children) and over 100,000 images of child and adult "erotica." (J.A. 78).

On June 12, 2014, the United States Attorney for the Eastern District of North Carolina filed a criminal information that charged Mr. Mills with manufacturing child pornography. 18 U.S.C. §§ 2251(a) and (d). (J.A. 9).[3]

---

[3]In relevant part, subsection (a) provides that "[a]ny person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be punished as provided under subsection (e)[.]"

Subsection (d) in part provides that "(1) Any person who, . . .(2), knowingly makes, prints, or publishes, or causes to be made, printed, or published, any notice or advertisement seeking or offering—(A) to receive, exchange, buy, produce, display, distribute, or reproduce, any visual depiction, if the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct; or (B) participation in any act of sexually explicit conduct by or with any minor for the purpose of producing a visual depiction of such conduct; shall be punished as provided under subsection (e)."

7

The information alleged Mr. Mills had two prior convictions related to the "sexual exploitation" of children, including two North Carolina convictions for taking indecent liberties with a child.  18 U.S.C. §§ 2251(e), 2252(b); *see* N.C. Gen. Stat. § 14-202.1.  (J.A. 9).  On August 12, 2015, Mr. Mills pled guilty to the information pursuant to an agreement with the government that preserved his right to appeal a sentence above the guideline imprisonment range established by the court at sentencing.  (J.A. 31, 40, 49, 68).

Following the plea, the probation officer calculated Mr. Mills' imprisonment range at 262 to 327 months.[4]  (J.A. 85).  Because, however,

---

[4]For the sake of clarity, Mr. Mills is truncating the facts so that only one presentence report and one sentencing hearing are discussed in this section of the brief.  In actuality, this case involved two "final" presentence reports, and two sentencing hearings that were held two months apart. (J.A. 4-5 #24, 14, 73, 90).  The initial hearing took place on March 3, 2015, and at that hearing the district court told the parties it had contacted the probation officer after reviewing the presentence report because the court had concerns about how relevant conduct had been taken into account and "whether the guidelines were [being] fully considered."  (J.A.15).  After being contacted by the court, the probation officer discovered that Mr. Mills' relevant conduct could not extend any farther than the videos Mr. Mills made in January 2014, the specific offense date alleged in the criminal

8

the probation officer determined that Mr. Mills' two prior indecent-liberties convictions required a  statutory minimum term of imprisonment of thirty-five years, that range became 420 months.  *See* 18 U.S.C. §§ 2251(a) and (e); U.S.S.G. § 5G1.1(b).[5]  (J.A. 85).  The probation officer recommended the

---

information, and could include only two of the minor victims within the ambit of the charged offense.  (J.A. 9, 15-17, 75).  The presentence report had given Mr. Mills' guideline imprisonment range as life because all twelve of his minor victims had been incorrectly included in the calculus. (J.A. 15-17).  The actual  range, the probation officer said, was thirty-five years–and would have been 262 to 327 months but for minimum imprisonment term mandated by § 2251(e). (J.A. 17).

After the district court recounted the foregoing, it continued the hearing and directed the probation officer to prepare a revised presentence report.  (J.A. 17).  The court also announced that given the changed circumstances, it was considering an upward departure "to accomplish the purposes of sentencing."  (J.A. 17).  Subsequent to the hearing, the government filed an upward departure motion.  (J.A. 21).  The court reconvened the sentencing hearing on May 7, 2015, and it is that hearing, along with the revised presented report, that are summarized in this brief. (J.A. 90).

[5]Relevant to this appeal, subsection (e) in part provides that "[a]ny individual who violates . . . this section shall be . . . imprisoned not less than 15 years nor more than 30 years, but if such person has . . . 2 or more prior convictions under . . .the laws of any State relating to the sexual exploitation of children, such person shall be fined under this title and imprisoned not less than 35 years nor more than life."

9

court upwardly depart from that range because of the uncharged,

unrelated conduct involving ten minor victims, and because Mr. Mills had

not been charged with possessing child pornography.  U.S.S.G. § 5K2.21.

(J.A. 86).

    At sentencing, the district court found Mr. Mills' guideline

imprisonment range to be 420 months "because the statutory minimum of

35 years applie[d]."  (J.A. 94).  The hearing then involved a lengthy

discussion about whether Mr. Mills' prior North Carolina convictions for

indecent liberties with a minor qualified as "sex offense" convictions for

purposes of U.S.S.G. § 4B1.5.  (J.A. 80, 88, 96-104).  Under that guideline,

the probation officer had increased Mr. Mills' criminal history category

from II to V on the ground that Mr. Mills had "at least one [prior] sex

offense conviction" on his record.  *See* §§ 4B1.5(a) and (a)(2).  (J.A. 80).

Ultimately, the district court agreed with Mr. Mills that a violation of

North Carolina's indecent liberties statute is not a "sex offense" for

purposes of the guideline.  *See id.*, comment. (n. 4(A)(I)).  (J.A. 80-81, 104).

10

Relevant to this appeal, in sustaining the objection to the criminal history category, the court commented that the category ultimately did not "make a difference" because Mr. Mills was "looking at a minimum of 35 years" under the statute.  (J.A. 104).

Mr. Mills did not challenge the court's view that he faced a 35-year mandatory minimum term.  (J.A. 104).  The court, accordingly, set the guideline imprisonment range at 420 months, and the remainder of the hearing largely addressed the government's upward departure motion. (J.A. 104-05).  After hearing argument from the parties, the district court granted the government's motion and upwardly departed, sentencing Mr. Mills to imprisonment for a term of 540 months, or forty-five years.  (J.A. 32, 122-123, 129, 131).  Had indecent liberties not been deemed a qualifying predicate, Mr. Mills' mandatory minimum sentence would have been fifteen years and the maximum term thirty years.  *See* 18 U.S.C. § 2551(e).

He appealed.  (J.A. 38).

## SUMMARY OF ARGUMENT

Bailey Joe Mills' sentence must be vacated because the North Carolina offense of indecent liberties with a minor does not constitute an offense relating to sexual exploitation of children and thus cannot serve as the basis for an enhanced sentence under 18 U.S.C. § 2251(e). For purposes of defining the term of art, "sexual exploitation" should be construed to mean an offense involving the manufacturing and marketing/advertising of child pornography. This construction is consistent with the structure of the United States Code and is appropriately limited, given that two prior convictions for sexual exploitation of children carries a potential life sentence under § 2251(e).

Moreover, a prior North Carolina conviction for indecent liberties is not one that relates to "aggravated sexual abuse, sexual abuse, or abusive sexual contact involving a minor or ward," and thus cannot be the basis for a sentencing enhancement. To violate the indecent liberties statute, a person need not make physical contact with the victim. Indeed, the victim

12

need not even be aware of the offender's presence.  Although this Court

has previously addressed whether the North Carolina offense can qualify

for the federal sentencing enhancement, the issue is not the subject of a

published, and hence precedential, opinion.

Finally, the Supreme Court has established that sentencing statutes

can be void for vagueness.  Section 2251(e), a statute that enhances

penalties for prior state convictions "relating to" offenses involving the

undefined terms of "sexual exploitation of children," "aggravated sexual

abuse," "sexual abuse" and "abusive sexual contact," is at least as vague as

the recently struck down residual clause of the Armed Career Criminal

Act.  To avoid having to resolve this constitutional question, this Court

should construe § 2251(e) to require offenses involving physical contact

between the defendant and the victim.  Because North Carolina's indecent

liberties statute can be violated without such contact, it cannot serve as a

predicate for § 2251(e)'s enhanced penalties.

Accordingly, Mr. Mills' sentence must be vacated.

# ARGUMENT

The District Court Committed Plain Error By Increasing Mr. Mr. Mills' Statutory Minimum and Maximum Sentence On The Basis of His Prior Convictions.

*Standard of Review*

This Court reviews for plain error issues raised for the first time on appeal. *United States v. Obey*, 790 F.3d 545, 549 (4th Cir. 2015).

*Argument*

Bailey Joe Mills pled guilty to violating 18 U.S.C. § 2251(a) and (d). Subsection (e) prescribes graduated penalties for someone convicted of violating the statute and, similar to 18 U.S.C. § 924(e) (the Armed Career Criminal Act), the defendant's prior criminal record determines the severity of the punishment. Under subsection (e), a § 2251 violation carries a mandatory minimum term of imprisonment of fifteen years; the maximum sentence is 30 years. When, however, the defendant's criminal history contains *one* prior conviction for a crime "relating to aggravated sexual abuse, sexual abuse, or abusive sexual contact involving a minor or

14

ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography," the statutory minimum increases to twenty-five years and the maximum to fifty years (hereinafter the "30-to-50 enhancement"). For a person with *two* or more prior convictions "relating to the sexual exploitation of children" § 2251 mandates a sentence of no less than 35 years and up to imprisonment for life (hereinafter the "35-to-life enhancement").

At the time of his federal sentencing, Bailey Joe Mills had two previous convictions in North Carolina for indecent liberties with a minor, an offense the district court treated as one related to child sexual exploitation. It therefore sentenced Mr. Mills under § 2251(e)'s most-severe enhancement. The district court committed plain error by increasing Mr. Mills' statutory penalties to 35 years and life, as the North Carolina crime of indecent liberties is not an offense related to the sexual exploitation of children. For this reason, the court's sentence must be vacated.

15

A. *The North Carolina Offense of Indecent Liberties With A Minor Is Not One That Relates To The Sexual Exploitation Of Children Within The Meaning Of 18 U.S.C. § 2251(e).*

18 U.S.C. § 2251(e) is unusual. As noted above, the statute prescribes a 15-year minimum term of imprisonment and a maximum term of 30 years for defendants whose criminal record does not qualify them for either of § 2251(e)'s two enhanced penalties . Subsection (e)'s 25-to-50 enhancement applies to defendants who have one prior conviction for (roughly speaking) a crime related to child sexual abuse, child trafficking, or child pornography. The 35-to-life enhancement affects those who have two or more past adjudications for offenses related to the sexual exploitation of children. Section 2251(e) is thus atypical of federal criminal statutes. It is certainly not unique for a penalty provision to base a sentence increase on the number and nature of a defendant's prior convictions. It is not common, however, for a statute to have one kind of predicate offense for defendants with a single prior conviction and a different offense for defendants with two or more. None of the other

statutes in the chapter where § 2251 is located--Chapter 110 of Title 18--

operate in that fashion. Moreover, in no other statute is "sexual

exploitation of children" the qualifying predicate for an enhanced sentence.

18 U.S.C. § 2252 and 18 U.S.C. § 2252A, for example, use only prior

convictions for sexual abuse and child pornography to increase sentences,

*See* 18 U.S.C. §§ 2252(b)(1) and (2), and 18 U.S.C. §§ 2252A(b)(1) and (2).

Congress amended the penalty provisions of § 2251 in 2006. *See*

*United States v. Pavulak*, 700 F.3d 651, 674-75 (3d Cir. 2012). Before the

amendments, prior convictions related to the sexual exploitation of

children triggered both the 25-to-50 and the 35-to-life enhancements. *See*

*id*. at 674. The 2006 amendments changed the qualifying conviction for the

25-to-50 enhancement to offenses related to sexual abuse, etc., but

Congress retained the sexual-exploitation predicate for the 35-to-life

enhancement. *Id*.

In *Pavulak*, the Third Circuit rejected the defendant's argument that

"sexual exploitation of children" is a term of art that refers to crimes

17

"involving visual depictions." *Id*. at 675.  "That interpretation," the court

of appeals said, "would ascribe the same meaning to . . . 'sexual

exploitation of children' in the thirty-five-to-life category and the phrase

'the production, possession, receipt, mailing, sale, distribution, shipment,

or transportation of child pornography' in the twenty-five-to-fifty

category." *Id*. at 676.  The Third Circuit asked why Congress, "seeking to

increase the penalties for sexual offenses against children," would have

amended the 25-to-50 enhancement to ensure that crimes not involving

visual depictions would also be subject to an increased penalty, but at the

same time "silently limit[] the qualifying crimes to visual depictions" for

the 35-to-life enhancement  *Id*.  Moreover, the fact that Congress had "kept

so many prior federal offenses that trigger the thirty-five-to-life category,"

the court of appeals said, made it "implausible that Congress

simultaneously chose to restrict qualifying state offenses to child

pornography production." *Id*. (citation and internal punctuation

omitted)."

18

Although the Third Circuit rejected Pavulak's invitation to define "sexual exploitation of children" as offenses relating to visual pornographic depictions of children, it did not provide a definition of its own, either. And there is little help to be found elsewhere. 18 U.S.C. § 2256 defines many of the terms used in Chapter 110, but "sexual exploitation" is not one of them. As already noted, in the pre-amendment version of § 2251, a prior "sexual exploitation" conviction was the predicate for both of the statute's enhancements. Congress, consequently, had to have acted purposefully when it changed the predicate for the 25-to-50 enhancement and left intact the 35-to-life enhancement. The retention of the term for the latter enhancement signifies that "sexual exploitation of children" is either broader or narrower in scope than are the enumerated offenses Congress added in 2006. Mr. Mills respectfully submits that "sexual exploitation of children" in fact describes offenses related to the manufacturing and marketing of child pornography. His North Carolina

19

indecent-liberties convictions do not, under this definition of "sexual

exploitation," do not qualify him for the 35-to-life enhancement.

Although there is no definition of "sexual exploitation," the United

States Code does offer suggestions about its meaning. First, and perhaps

most significant, "Sexual Exploitation of Children" is the heading for

§ 2251 itself. Second, what the statute makes illegal is the production and

the advertising/marketing of child pornography. *See* 18 U.S.C. §§ 2251(a)-

(d). Consequently, it is consistent with § 2251's focus that subsection (e)

would punish defendants with multiple convictions for creating

pornography. Additionally, Chapter 110 is entitled "Sexual Exploitation

and Other Abuse of Children." Statutes that share Chapter 110 with § 2251

target various types of child abuse and child exploitation, including

trafficking in children and the possession and distribution of child

pornography. *See* 18 U.S.C. § 2251A, 18 U.S.C. §2252, and 18 U.S.C.

§ 2252A. It would again be logical to conclude that the meaning of "sexual

exploitation of children" corresponds with the offenses described in

Chapter 110.  Chapter 110's use of the phrase "other abuse of children"

demonstrates as well that sexual exploitation is a singular form–arguably

the worst form--of child abuse: the use of children to create pornography.

    In arguing for his definition of sexual exploitation, Mr. Mills points

out that in at least one instance, "exploitation" is actually defined as "child

pornography or child prostitution."  *See* 18 U.S.C. § 3509(a)(6).  Although

§ 3509 is not in Chapter 110, subsection (a)(6) demonstrates that Congress

has in fact equated exploitation with child pornography at least once.  It is

not fanciful to think, therefore,  that Congress may have had the same

meaning of exploitation in mind for purposes of § 2251(e).

    As noted earlier, the Third Circuit declined, in *Pavulak*, to equate

"sexual exploitation of children" with visual depictions of child

pornography.  One of its reasons for rejecting the definition, the court of

appeals said, is that Congress could have made such a meaning "explicit"

simply by "replacing 'the sexual exploitation of children' in the

thirty-five-to-fifty category with 'the production, possession, receipt,

21

mailing, sale, distribution, shipment, or transportation of child pornography,'" as Congress did in 2006 with the 25-to-50 enhancement. 700 F.3d at 675.  But because Mr. Mills would limit the construction of "sexual exploitation" to the production and marketing of child pornography, his definition would not be identical to the pornography provision cited by the Third Circuit.  Mr. Mills' definition in fact would be narrower, and would not cover, for example, possession and receipt offenses

The Third Circuit, as an additional ground for refusing to link exploitation and visual depictions, believed it unlikely that "Congress, seeking to increase the penalties for sexual offenses against children, would have amended the twenty-five-to-fifty category to ensure that crimes beyond those involving [child pornography] were included while silently limiting the qualifying crimes to visual depictions for the thirty-five-to-life category." *Id*. at 675.  In fact, Congress' action would be explainable, and one explanation is that the "sexual exploitation" prong of

§ 2251(e) carries a potential life sentence. Congress could well have wished to broaden the class of offenders who would face a 25-to-50 year sentence, and at the same time limit potential life sentences under the statute to recidivist child pornographers.

A similar response answers the Third Circuit's last objection to ruling in Pavulak's favor. The court of appeals thought it would have been nonsensical for Congress to have included federal offenses as predicates for § 2251(e) ("convictions under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice"), but at the same time "restrict . . .qualifying state offenses to child pornography production." *Id*. at 675. But Congress might have kept the federal offenses because it wanted to provide greater punishment to defendants who violate the enumerated federal laws a second time. If Congress had a particular concern for punishing federal recidivists, it would ensure that some federal crimes were qualifying convictions for enhancement purposes. Federal recidivism and the

23

definition of predicate state offenses are distinct issues; one has no effect on the other.

Unmooring "sexual exploitation of children" from child-pornography offenses risks ascribing a meaning to the term so sprawling that it would cover almost any sexual offense involving a child. Congress could mandate life sentences for all sex offenses, but it has not done so. Some pre-amendment cases, however, suggested that anything and everything could count. Earlier Third Circuit decisions applied the term to child molestation, statutory rape, and involuntary deviate sexual intercourse. 700 F.3d at 674 (citing *United States v. Randolph*, 364 F.3d 118, 122 (3d Cir. 2004); *United States v. Galo*, 239 F.3d 572, 583 (3d Cir. 2001)). And in *Pavulak* itself, the court of appeals appears to have held that the defendant's two state convictions (for the Delaware offense of unlawful sexual contact in the second degree) qualified as aggravated sexual abuse *and* sexual exploitation.[6]   700 F.3d at 672, 675. If Congress meant for

---

[6]Pavulak was sentenced to life imprisonment for having two prior state convictions that, the Third Circuit said, could also have qualified, had

24

"sexual exploitation" all-encompassing, one would hope it would have said so.  Again, the consequences of construing a defendant's prior convictions as offenses related to sexual-exploitation can result in life imprisonment. Given the gravity of the punishment, and because there is no clear expression of a contrary intent by Congress, the term should be construed narrowly, not sweepingly.

To repeat, Chapter 110 does not define "sexual exploitation," and the legislative history for the 2006 amendments to § 2251 reveals little if anything.  Perhaps Congress *did* think it had spoken clearly.  Subsection (e) is in the Chapter of the U.S. Code that addresses child pornography and contains "sexual exploitation" in the chapter title.  The specific statute that deals with the manufacturing and advertising of child pornography, § 2251, is labeled "sexual exploitation of children."  In one real sense, the meaning of "sexual exploitation" is right there in the open.

---

there been jurisdiction, as aggravated sexual abuse of a child under 18 U.S.C. § 3559(e)(2)(A)-(B).  700 F.3d at 672.  The court of appeals went on to say the same offense could also be sexual exploitation of a child. *Id*. at 675.

North Carolina General Statute  § 14-202.1 provides in pertinent part that "[a] person is guilty of taking indecent liberties with children if,  being 16 years of age or more and at least five years older than the child in question he either:  (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex. . .for the purpose of arousing or gratifying sexual desire; or (2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child[.]" This offense, in short, can be committed without the conduct being in any way related to manufacturing or marketing of child pornography, and it is not an offense that relates to the sexual exploitation of children.

For these reasons, Mr. Mills respectfully requests that his sentence be vacated.

> B. *The North Carolina Offense of Indecent Liberties With A Minor*
> *Does Not Qualify As One Of The Crimes Enumerated In § 2251.*

Should Mr. Mills prevail on his challenge to the enhancement of his sentence on the "sexual exploitation" provision of § 2251(e), it is arguable

that his mandatory minimum and maximum terms could still be increased

on the ground that he has one conviction for offenses under the sexual-

abuse prong of subsection (e). To avoid any argument that he has waived

this issue, Mr. Mills will here argue why the North Carolina offense of

indecent liberties of a minor does not qualify for this enhancement either.

As already discussed, North Carolina General Statute § 14-202.1 in

part provides that a person, who is at least 16 years old and at least five

years older than his victim, takes indecent liberties with a child when he or

she "[w]illfully takes or attempts to take any immoral, improper, or

indecent liberties. . .for the purpose of arousing or gratifying sexual desire"

*or* "[w]illfully commits or attempts to commit any lewd or lascivious act

upon or with the body or any part or member of the body of any child[.]"

The question whether a conviction under § 14-202.1 triggers an

enhancement under 18 U.S.C. § 2252A–the equivalent to § 2251(e) for

27

purposes of its prior-conviction language--has been litigated in this Court,

but counsel has not discovered it to be the subject of a published decision.[7]

In *United States v. Gilbert*, the defendant argued that "because one can

offend the indecent liberties statute without making physical contact with a

minor, the statute does not categorically 'relat[e] to aggravated sexual

abuse, sexual abuse, or abusive sexual conduct involving a minor or

ward.'"  425 Fed. App'x  212, 216 (4th Cir. 2011) (per curiam;

unpublished).[8]  In affirming the enhancement of Gilbert's sentence, this

Court said that these "enumerated offenses" did not require the defendant

engage in "harmful physical contact."  *Id*.  This Court noted that (as with

the term "sexual exploitation") Chapter 110 defines neither "sexual abuse"

---

[7]The one difference is that § 2251(e) refers to "abusive sexual *contact* involving a minor or ward," while § 2252A uses "*conduct*" in place of "contact" *See* subsections (b)(1) and (b)(2) of § 2252A.  It should be noted as well that the subsections have different mandatory minimum and maximum sentences.

[8]The *Gilbert* Court "assume[d], without deciding, that the categorical approach applie[d]" in determining whether an indecent liberties conviction was a qualifying predicate.  425 Fed. Appx at 215.

28

nor "abusive sexual contact." *Id*.  Looking to its holding in *United States v. Diaz-Ibarra*, this Court said the proper inquiry concerned whether the crime of indecent liberties is an offense "'relating to' the 'physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification.'" *Id*. (quoting 522 F.3d 434, 353 (4th Cir. 2008)).  In making this inquiry, this Court observed that a qualifying crime need only be one "relating to" aggravated sexual abuse, sexual abuse, or abusive sexual conduct.  *Id*. at 217.  "Relating to," this Court said, is a phrase that "carries a broad ordinary meaning, *i.e.*, to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with." *Id*. (quoting *Morales v. Trans World Airlines Inc*., 504 U.S. 374, 383 (1992) (internal quotation marks and citation omitted)).

Given this "broad scope," and given *Diaz-Ibarra*'s holding that abusive conduct need not be physical, the *Gilbert* Court said it had "no difficulty" concluding that a conviction under North Carolina's indecent liberties related to the offenses enumerated in the federal statute.  *Id.*  To be

guilty of indecent liberties in North Carolina, this Court continued, "a perpetrator must be at least five years older than the victim, who must be under 16 years of age . . . . [and] must engage in some immoral, improper, or indecent liberties with the minor for the purpose of arousing or gratifying sexual desire. *Id*. (internal punctuation and citation omitted). Accordingly, a North Carolina conviction for indecent liberties with children offense could trigger the sentencing enhancements in the federal statute. *Id*.

As noted, *Gilbert* is without precedential value, although Mr. Mills acknowledges that, despite its being an unpublished per curiam opinion, it thoroughly analyzes the issue presented in that case and, indeed, even includes a concurring opinion. *See id*. at 219 (Agee, J., concurring). As this Court is not bound by *Gilbert*, however, Mr. Mills respectfully submits that a conviction under North Carolina's indecent liberties statute is not a qualifying offense for purposes of enhancing a sentence under § 2251(e). As this Court has noted in holding the offense is not a "violent felony" for

purposes of 18 U.S.C. § 924(e), "a violation of the Statute does not require physical contact," and "the physical proximity of the offender to the victim is not determinative [as] convictions have been obtained in situations where the offender has been merely constructively present, *i.e.*, by making inappropriate telephone calls or secretly videotaping a minor during a change of clothing." *United States v. Vann*, 660 F.3d 771, 781 (4th Cir. 2011) (*en banc)* (King, J., concurring) (citations omitted). Moreover, the crime of indecent liberties "does not necessarily implicate any awareness on the part of the minor victim." *Id*. A conviction for that offense, consequently, does not constitute one that is related to aggravated sexual abuse, sexual abuse, or abusive sexual contact involving a minor.

For these reasons, Mr. Mills cannot be increased under § 2251(e)'s abuse prong.

31

*C.  Alternatively, To Avoid Holding That 18 U.S.C. § 2251(e) Is
Void For Vagueness, This Court Should Construe The Offenses That
Trigger The Statutory Enhancements As Requiring Physical Contact
Between The Defendant And The Victim.*

Even if this Court were to follow *Gilbert* and reject the argument Mr.

Mills has made above, his enhanced sentence cannot survive because

*Gilbert* demonstrates that § 2251(e) is unconstitutionally vague.  First, the

terms "sexual exploitation," "aggravated sexual abuse," "sexual abuse,"

and "abusive sexual contact" are not defined by the statute.  *See* 18 U.S.C.

§ 2256; *Gilbert*, *supra*, 425 Fed. App'x at 216.  Second, the phrase "relating

to" is so broad as to be "indeterminat[e]," requiring a "wide-ranging

inquiry," denying "fair notice to defendants,"and inviting "arbitrary

enforcement by judges."  *Johnson v. United States*, ___ U.S. ___, 135 S. Ct.

2551, 2257 (2015).  As a consequence, § 2251 denies due process to

defendants such as Mr. Mills.  *Id*.  To avoid this result, this Court should

construe the enumerated offenses of § 2251(e) as requiring physical contact

between the defendant and the victim.  Under this approach, North

Carolina indecent liberties statute does not qualify as a predicate for the

32

federal statute's enhanced penalties.  Either way, Mr. Mills' sentence must

be vacated.

   *Johnson*, when it struck down the so-called "residual clause" of the

Armed Career Criminal Act, affirmed several important principles that

apply here.  First, a law cannot be "so vague that it fails to give ordinary

people fair notice of the conduct it punishes, or so standardless that it

invites arbitrary enforcement," and this requirement applies "not only to

statutes defining elements of crimes, but also to statutes fixing sentences."

*Id*. 2256-57 (internal punctuation and citations omitted).  Second, a "vague

provision" is not "constitutional merely because there is some conduct that

clearly falls within the provision's grasp."  *Id*. at 2560-61.

    The truth is that the language of § 2251(e) is even less clear than is

the Armed Career Criminal Act's residual clause.  The latter at least

attempted to cabin the reach of that clause by preceding it with four

enumerated violent felonies that were definable.  *See* 18 U.S.C. § 924(e).

Section 2251, in contrast, does not even suggest what it means to engage in

"sexual exploitation, "aggravated sexual abuse," "sexual abuse," or
"abusive sexual contact involving a minor."  The statute, for example, uses
the term "sexual abuse" three times.  It would seem logical that "sexual
abuse" would take in both "aggravated sexual abuse" and "abusive sexual
contact," but it apparently does not.  Congress must be held to have meant
all  these terms to be different from one another and with limits to the
meaning of each one, but it is impossible to tell how they differ.
Definitions of these terms *are* provided in Chapter 109A, but *Gilbert* says
that Chapter 110 does not import them.[9]  425 Fed. App'x at 216.

As an example of the vagueness in § 2251(e) is the New York
misdemeanor crime of patronizing an adult prostitute.  *See* N.Y. Penal Law
230.04.  A case can be made (and, politically, it is made often) that someone
who uses a prostitute is "abusing" the latter.  With no definition of
"abuse," there is no standard to determine whether a person with that

---

[9]18 U.S.C. § 2241 defines "aggravated sexual abuse";  18 U.S.C. § 2242
defines "sexual abuse"; 18 U.S.C. § 2243 defines "sexual abuse of a minor
or ward"; and 18 U.S.C. § 2244 defines "abusive sexual contact."

34

misdemeanor conviction is or is not liable for an enhancement under

§ 2251.

The phrase "relating to" is even more speculative. The immediate

question the term raises is the degree to which an offense has to "relate to"

sexual exploitation or sexual abuse. This becomes especially problematic

because one meaning of "sexual" is "gender." *See Webster's New Third*

*International Dictionary* 2082 (1981 ed.) ("of, relating to, or associated with

sex as a characteristic of an organic being <~differentiation>

<~distinctions>"). North Carolina has the offense of assault on a female.

N.C. Gen. Stat. § 14-33(c)(1). Mr. Mills, in fact, has a misdemeanor

conviction for that offense. (J.A. 79). There appears to be nothing to

foreclose arguing for that crime as a predicate under § 2251.

As another example, North Carolina requires a director of social

services to notify the State Bureau of Investigation of a report of sexual

abuse of a minor in a child care facility, and it is a misdemeanor if the

director fails to do so. N.C. Gen. Stat. § 7B-301(c). Given the broad scope

35

of "relating to," a conviction for this offense could qualify under

subsection(e) as well.

This Court can, and should, avoid the constitutional question raised

by § 2251(e). *See Edward J. DeBartolo Corp. v. Florida Gulf Coast Building &*

*Construction Trades Council*, 485 U.S. 568, 575 (1988); *Norfolk S. Ry Co. v. City*

*of Alexandria*, 608 F.3d 150, 156-57 (4th Cir. 2010). Particularly as *Gilbert* is a

non-precedential decision, this Court can pass over the question of

vagueness and construe "sexual abuse," "aggravated sexual abuse" and

"abusive sexual conduct" as offenses that require direct physical contact

between the defendant and the victim. Under such a construction, North

Carolina's indecent liberties does not qualify as a predicate offense for an

enhancement pursuant to § 2251.

Accordingly, Mr. Mills respectfully requests that his sentence be

vacated and the matter remanded to the district court for imposition of a

sentence under the unenhanced mandatory minimum and maximum terms

provided by § 2251(e).

## CONCLUSION

For all of the foregoing reasons, the appellant, Bailey Joe Mills,

respectfully requests that the district court's sentence be vacated and that

the matter be remanded for resentencing.

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Mills believes his case, particularly in light of the Supreme

Court's decision in *Johnson v. United States*, presents a question with

constitutional implications.  He therefore asks that the Court hear

argument in this case.

Respectfully submitted this 17th day of May, 2016.

THOMAS P. McNAMARA
Federal Public Defender

*/s/ Stephen C. Gordon*
STEPHEN C. GORDON
Assistant Federal Public Defender
North Carolina Bar No. 15873

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**No.** 15-4325        **Caption:** United States v. Bailey Joe Mills

## CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

   This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [✓]   this brief contains ____6,353____ [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ]   this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [✓]   this brief has been prepared in a proportionally spaced typeface using
   WordPerfect 6 [*identify word processing program*] in
   14 point, Palatino-Linotype [*identify font size and type style*]; **or**

   [ ]   this brief has been prepared in a monospaced typeface using
   _____ [*identify word processing program*] in
   _____ [*identify font size and type style*].

(s) Stephen C. Gordon

Attorney for Bailey Joe Mills

Dated: 5-17-16

## CERTIFICATE OF SERVICE

### CM/ECF - Mixed Service

I hereby certify that on May 17, 2016, I electronically filed the foregoing document with the

Clerk of Court using the CM/ECF system, which will send notice of such

filing to the following registered CM/ECF users:

MS. JENNIFER P. MAY-PARKER
USANCE.ECFAPPEALS@USDOJ.GOV

I further certify that on May 17, 2016, I have mailed the foregoing document by First-Class

Mail, postage prepaid, to the following non-CM/ECF participants, addressed as follows:

Ms. Jennifer P. May-Parker
Assistant United States Attorney
   For the Eastern District of North Carolina
Terry Sanford Federal Building
310 New Bern Avenue, Suite #800
Raleigh, North Carolina 27601-1461

*/s/ Stephen C. Gordon*