BRIEF FOR APPELLEE

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

NO. 15-4325

————————————

UNITED STATES OF AMERICA,

Appellee,

v.

BAILEY JOE MILLS,

Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

BRIEF OF THE UNITED STATES

JOHN STUART BRUCE
Acting United States Attorney

BY:  JENNIFER P. MAY-PARKER
KRISTINE L. FRITZ
Assistant United States Attorneys
310 New Bern Avenue
Suite 800
Raleigh, North Carolina 27601
Telephone:  (919) 856-4530

Attorneys for Appellee

TABLE OF CONTENTS

TABLE OF AUTHORITIES...........................................iii

STATEMENT OF JURISDICTION........................................1

STATEMENT OF ISSUE..............................................2

STATEMENT OF FACTS..............................................3

SUMMARY OF ARGUMENT............................................14

ARGUMENT.......................................................15

    THE COURT DID NOT ERR—MUCH LESS COMMIT PLAIN ERROR—
    BY CONCLUDING THAT THE DEFENDANT'S CONVICTIONS FOR
    INDECENT LIBERTIES WITH A MINOR, IN VIOLATION OF
    N.C. GEN. STAT. § 14-202.1, TRIGGER THE ENHANCED
    PENALTY PROVISIONS IN 18 U.S.C. § 2251(E)...................15

    A.  Standard of Review.....................................15

    B.  Discussion of Issue...................................15

        1.  This Court should give the general and
            ordinary meaning to the following phrases in
            § 2251(e): "sexual exploitation of
            children," "sexual abuse," "abusive sexual
            contact involving a minor," and "related to" .......16

        2.  The defendant's convictions for taking
            indecent liberties with a minor are
            convictions under a state law categorically
            relating to the sexual exploitation of
            children, sexual abuse, and abusive sexual
            contact involving a minor. ........................22

        3.  The enhanced penalty provisions of § 2251(e)
            are not void for vagueness. .......................25

        4.  Assuming the court erred, any error was
            neither clear nor obvious, meaning the
            defendant cannot satisfy the second prong of
            the plain error standard of review. ................29

CONCLUSION...................................................31

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

TABLE OF AUTHORITIES

CASES

Chapman v. United States, 500 U.S. 453 (1991)...................28

Holder v. Humanitarian Law Project, 561 U.S. 1
    (2010)........................................................27

Johnson v. United States, 135 S. Ct. 2551
    (2015)....................................................26-28

Lockhart v. United States, 136 S. Ct. 958
    (2016)..............................................20, 21, 26

Maynard v. Cartwright, 486 U.S. 356 (1988).....................28

Morales v. Trans World Airlines Inc., 504 U.S. 374
    (1992)........................................................22

Puckett v. United States, 556 U.S. 129 (2009)..................29

Smith v. Goguen, 415 U.S. 566 (1974)........................28-29

State v. Banks, 370 S.E.2d 398
    (N.C. 1988)..................................................25

State v. Coleman, 684 S.E.2d 513 (N.C. Ct. App. 2009)..........23

State v. Elam, 273 S.E.2d 661 (N.C. 1981).....................25

State v. Etheridge, 352 S.E.2d 673 (N.C. 1987)................25

State v. Harward, 142 S.E.2d 691 (N.C. 1965)..................25

United States v. Barker, 723 F.3d 315
    (2d Cir. 2013)...............................................20

United States v. Carthorne, 726 F.3d 503
    (4th Cir. 2013)...........................................29-30

United States v. Cover, 703 F.3d 477
    (8th Cir. 2013)..............................................22

United States v. Diaz-Ibarra, 522 F.3d 343
    (4th Cir. 2008)....................................21, 22, 27

iii

United States v. Galo, 239 F.3d 572
(3d Cir. 2001)................................................18

United States v. Gilbert, 425 F. App'x 212
(4th Cir. 2011) (unpublished)............................passim

United States v. Harding, 172 F. App'x 910
(11th Cir. 2006) (unpublished)..............................20

United States v. Hubbard, 480 F.3d 341
(5th Cir. 2007)..........................................20, 26

United States v. Jaensch, 665 F.3d 83
(4th Cir. 2011)..............................................27

United States v. Lynn, 592 F.3d 572
(4th Cir. 2010)..............................................15

United States v. Martinez, 277 F.3d 517
(4th Cir. 2002)..............................................16

United States v. Mathis, 767 F.3d 1264
(11th Cir. 2014).............................................27

United States v. Maxwell, 285 F.3d 336
(4th Cir. 2002)..............................................30

United States v. Olano, 507 U.S. 725 (1993)..............16, 29

United States v. Osborne, 551 F.3d 718
(7th Cir. 2009)...........................................20–21

United States v. Padilla-Reyes, 247 F.3d 1158
(11th Cir. 2001).............................................22

United States v. Pavulak, 700 F.3d 651
(3d Cir. 2012)...........................................18, 19

United States v. Perez-Perez, 737 F.3d 950
(4th Cir. 2013)..........................................23–24

United States v. Powell, 423 U.S. 87 (1975)..................28

United States v. Randolph, 364 F.3d 118
(3d Cir. 2004)...........................................18, 19

<u>United States v. Sanchez</u>, 440 F. App'x 436
   (6th Cir. 2011) (unpublished)................................20

<u>United States v. Simard</u>, 731 F.3d 156
   (2d Cir. 2013)............................................22

<u>United States v. Sinerius</u>, 504 F.3d 737
   (9th Cir. 2007)...........................................20

<u>United States v. Smith</u>, 367 F.3d 748 (2004)................18-20

<u>United States v. Sonnenberg</u>, 556 F.3d 667
   (8th Cir. 2009).......................................passim

<u>Unitd States v. Spence</u>, 661 F.3d 194
   (4th Cir. 2011)........................................22-23

<u>United States v. Vann</u>, 660 F.3d 771
   (4th Cir. 2011) (en banc)..............................24, 25

<u>STATUTES</u>

18 U.S.C. § 2244............................................11

18 U.S.C. § 2251(a).........................................3

18 U.S.C. § 2251(c) (1978–1996)............................16

18 U.S.C. § 2251(d).........................................3

18 U.S.C. § 2251(d) (1996–2003)............................16

18 U.S.C. § 2251(e).....................................passim

18 U.S.C. § 2252...........................................21

18 U.S.C. § 2252(b).....................................20, 21

18 U.S.C. § 2252(b)(2).....................................21

18 U.S.C. § 2252A(b).......................................22

18 U.S.C. § 2252A(b)(1)....................................20

18 U.S.C. § 2252A(b)(2).................................20, 23

18 U.S.C. § 2255(b).........................................3

18 U.S.C. § 2426(b)(1)(A)......................................10

18 U.S.C. § 2426(b)(1)(B)......................................10

18 U.S.C. § 3231...............................................1

18 U.S.C. § 3742(a)............................................1

28 U.S.C. § 1291...............................................1

N.C. Gen. Stat. § 14-202.1................................passim

N.C. Gen. Stat. § 14-202.1(a)(1)...............................8

N.C. Gen. Stat. § 14-202.1(a)(2)...............................8

Protection of Children Against Sexual Exploitation
   Act of 1977, PL 95-225, 92 Stat. 7 (1978)...................16

An Act to Provide for the Protection of
   Children from Sexual Psychopaths and Perverts,
   Ch. 764, 1955 N.C. Sess. Laws 708 (Amended 1975).............24

## SENTENCING GUIDELINES

USSG §2G2.1(a)................................................6

USSG §2G2.1(b)(1)(B)..........................................7

USSG §2G2.1(b)(2)(A)..........................................7

USSG §3C1.1..................................................7

USSG §3E1.1..................................................7

USSG §4B1.5...........................................7, 8, 30

USSG §4B1.5, comment. (n.3(A)(ii))..........................10

## STATEMENT OF JURISDICTION

The defendant appeals from a judgment of conviction following a guilty plea. Jurisdiction to the district court was established by 18 U.S.C. § 3231.

Jurisdiction to this Court is provided by 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The judgment was entered on May 11, 2015, and the defendant filed a notice of appeal on June 5, 2015, within the extended deadline for filing a notice of appeal.

## STATEMENT OF ISSUE

Whether the court plainly erred by concluding that the defendant's convictions for indecent liberties with a minor, in violation of N.C. Gen. Stat. § 14-202.1, trigger the enhanced penalty provisions in 18 U.S.C. § 2251(e).

## STATEMENT OF FACTS

### Procedural History

On August 12, 2014, the defendant, Bailey Joe Mills, pleaded guilty pursuant to a plea agreement to a one-count criminal information charging him with the manufacture of child pornography in or about January 2014, in violation of 18 U.S.C. § 2251(a), (d). (J.A. 9–11, 40–71). The indictment alleged that, for purposes of 18 U.S.C. § 2251(e) and 18 U.S.C. § 2255(b), the defendant had "previously been convicted of offenses under state law related to the sexual exploitation of children (including, but not limited to two convictions for indecent liberties with a child)." (J.A. 9). On March 3, 2015, the court held the defendant's sentencing hearing, which was continued to May 7, 2015, when the court imposed a sentence of 540 months' imprisonment. (J.A. 14–19, 31–32, 90–126).

### Relevant Conduct

After a 12-year-old female, AU, disclosed to law enforcement that the defendant had sexual intercourse with her on January 2 or 3, 2014, the Harnett County Sheriff's Office in Lillington, North Carolina, opened an investigation into his activities. (See J.A. 75, ¶ 6). AU told officers that the defendant had sexual intercourse with her on two other occasions and that he paid her to have sexual intercourse with another man. (J.A. 75, ¶ 6). Further investigation revealed that the

defendant propositioned a 13-year-old female, TB, by offering to pay her $300 to allow him to have sexual intercourse with her; TB refused. (J.A. 75, ¶ 6). TB told officers that she observed the defendant show AU a video he (the defendant) had made of AU performing oral sex on an unknown adult male. (J.A. 75, ¶ 6).

On January 5, 2014, officers executed a search warrant on the defendant's home, where they seized multiple computers, cellular telephones, and media storage devices. (J.A. 75, ¶ 7). On one of the defendant's phones was a video created that day (January 5, 2014) which showed the defendant engaging in sexual acts, including oral and vaginal intercourse, with a 13-year-old female, JJ. (J.A. 75, ¶ 7).

On January 6, 2014, the defendant was arrested on related state charges. (J.A. 73). During one of his wife's visits to the Harnett County Jail, the defendant asked her to "clean out the vents in the house." (J.A. 76, ¶ 8). His wife followed these instructions, cleaned out several of the vents, and located a hidden external hard drive, which she threw into a pond behind their residence. (J.A. 76, ¶ 8). The defendant's wife eventually disclosed this to officers; however, by the time they recovered the hard drive in November 2014, water damage made any forensic examination impossible. (J.A. 76, ¶ 8). The defendant's wife, an exotic dancer and prostitute, was convicted federally of manufacturing child pornography and charged with

state offenses for conduct relating to the defendant's federal offense. (J.A. 81, ¶ 27).

### Additional Criminal Conduct[1]

A forensic review of the defendant's computers, cellular telephones, and media storage devices established that, during the summer and fall of 2013, the defendant produced at least 125 videos and 924 still images depicting the sexual abuse and exploitation of children. (J.A. 76–78, ¶¶ 11–12, 15). Officers were able to identify eight minors (other than JJ and AU) in the child pornography produced by the defendant; these children ranged in age from 9 months to 13 years. (J.A. 76–78, ¶¶ 11–12). The defendant also produced child erotica (video and still images) of a ninth identifiable minor, 10-year-old female, HM. (J.A. 76–78, ¶¶ 11–12). Three of the minors were related to the defendant, and several others had been left in the defendant's care while their parents were elsewhere. (J.A. 78, ¶ 15). The defendant paid several of the minors in the videos and still images to allow him and other adults to perform sexual acts on them. (J.A. 78, ¶ 15). The defendant appeared in pornographic images or videos with five of the minors. (J.A. 76–77, ¶ 12).

---

[1] The probation officer determined that the phrasing of the indictment limited relevant conduct to the defendant's act of manufacturing child pornography in January 2014. (See J.A. 14–19; see also J.A. 75–76, ¶¶ 6–10). The defendant's "offense behavior not part of relevant conduct" will be discussed in this section. (J.A. 76–78, ¶¶ 11–15) (capitalization altered).

The defendant distributed the child pornography he produced to individuals in California and Australia. (J.A. 78, ¶¶ 13, 15).

In addition to the child pornography that he personally made, the defendant possessed more than 10,000 images of child pornography (including depictions of bestiality with children) and more than 100,000 images of child erotica and adult pornography. (J.A. 78, ¶ 14). The defendant's collection featured many images of children under the age of 12, as well as images and videos depicting the sexual molestation of infants approximately 4 to 6 months of age. (J.A. 78, ¶ 14).

## Presentence Investigation Report

Following the defendant's guilty plea, the United States Probation Office conducted a presentence investigation and prepared the defendant's presentence investigation report (PSR). As noted in the defendant's brief, there was a "final" PSR that calculated the defendant's guidelines range as life imprisonment because it included all 12 of his minor victims as part of relevant conduct. (See Brief at 8-9 n.4). This report was revised to limit the defendant's relevant conduct to January 2014 and victims AU and JJ. (J.A. 75-76, ¶¶ 6-9; see J.A. 14-19; see also Brief at 8-9 n.4). The second final PSR was used at the final sentencing hearing and is discussed below.

The defendant's base offense level was 32, pursuant to USSG §2G2.1(a). (J.A. 84, ¶ 45). The defendant received two 2-level

increases, pursuant to USSG §2G2.1(b)(1)(B) and §2G2.1(b)(2)(A) because the offense involved a minor who was at least 12 but less than 16 years of age and involved the commission of a sexual act or sexual contact. (J.A. 84, ¶¶ 46-47). Two levels were added, pursuant to USSG §3C1.1, because the defendant obstructed justice. (J.A. 84, ¶ 50). This resulted in an adjusted offense subtotal of 38. (J.A. 84, ¶ 51). The probation officer determined that USSG §4B1.5 (repeat and dangerous sex offender against minors) applied because the defendant was convicted of a covered offense and had sustained at least one "sex offense conviction"; however, the adjusted offense subtotal of 38 exceeded that which would be calculated under USSG §4B1.5. (J.A. 84, ¶ 52). The defendant received a three-level reduction for acceptance of responsibility, pursuant to USSG §3E1.1, which resulted in a total offense level of 35. (J.A. 84-85, ¶¶ 53-55).

The defendant's criminal history began in 1997 and consists of three North Carolina convictions, two felonies and one misdemeanor. (J.A. 79, ¶¶ 17-19). In 1997, the defendant pleaded guilty to his first indecent liberties conviction, admitting that he "took immoral, improper, and indecent liberties with a 3 year old child for the purpose of arousing

and gratifying his sexual desires."[2] (J.A. 79, ¶ 17). The defendant sustained his remaining criminal convictions while on probation for this offense. (See J.A. 79–80, ¶¶ 17–19). In 1999, he was found guilty of misdemeanor assault on a female. (J.A. 79, ¶ 18). In 2000, he pleaded guilty to his second indecent liberties conviction, admitting that he "took immoral, improper, and indecent liberties with an 11 year old child for the purpose of arousing and gratifying his sexual desires." (J.A. 80, ¶ 19). Only the defendant's first conviction was scored, and his three criminal history points established a criminal history category of II. (J.A. 79–80, ¶¶ 17, 21). However, because the defendant qualified as a repeat and dangerous sex offender against minors, pursuant to USSG §4B1.5, his criminal history category became V. (J.A. 80, ¶ 22).

A total offense level of 35 and criminal history category of V produces an imprisonment range of 262 to 327 months;

---

[2] Under North Carolina law, a person is guilty of taking indecent liberties with children if he is at least 16 years old and 5 years older than the victim and either:

(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or

(2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

N.C. Gen. Stat. § 14-202.1(a)(1)-(2).

however, the defendant's advisory guidelines range became the statutorily required minimum of 420 months or 35 years imprisonment. (J.A. 85, ¶¶ 56–57); (see also J.A. 73) (noting, on the first page of the PSR, the statutory range of 35 years to life imprisonment).

The PSR noted that the court may wish to consider an upward departure "to account for the sexual exploitation and production of child pornography related to ten identified victims who were not considered to be part of the relevant conduct." (J.A. 86, ¶ 71); (see also J.A. 14–19) (the court announcing at the defendant's originally scheduled sentencing hearing that it was considering an upward departure). The government made such a departure motion. (J.A. 21–29).

The addendum to the PSR set forth several written objections by the defendant, not one of which related to the statutory range of imprisonment for the offense being 35 years to life imprisonment. (See J.A. 87–88).

### Sentencing Hearing

On May 7, 2015, the court held the defendant's sentencing hearing. (J.A. 90–126). The court stated that it was familiar with the defendant's offense conduct and criminal history, which included the 1997 and 2000 convictions for indecent liberties with a minor. (J.A. 93–94). The court noted that the advice of

the guidelines was 420 months' imprisonment "because the statutory minimum of 35 years applies." (J.A. 94).

One of the defendant's objections to the PSR was explored at some length during the hearing: "[W]hether defendant's prior State convictions for indecent liberties with a child qualify as a sex offense conviction."[3] (J.A. 97–98). When asked for his position on the matter, government counsel clarified that the guidelines issue being discussed was separate from the statutory mandatory minimum, which effectively drove the defendant's guidelines range. (See J.A. 98). Government counsel stated, "So the Court is in agreement, I think all the parties are in agreement, this defendant is facing a statutory range of mandatory minimum of 35 years to life." (J.A. 98). The court agreed that the resolution of the issue would not affect the defendant's guidelines range but believed that it was an important aspect of the law to be developed. (See J.A. 98). The court explained that "every [federal] statute that [it]

---

[3] "Sex offense conviction" for purposes of USSG §4B1.5 "means any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B), if the offense was perpetrated against a minor." USSG §4B1.5, comment. (n.3(A)(ii)). It does not include the "trafficking in, receipt of, or possession of, child pornography." Id.

The referenced statutory provision defines a "sex offense conviction" as a conviction under Chapter 117, 109A, 110, or section 1591 of Title 18 or "under State law for an offense consisting of conduct that would have been an offense under" one of the aforementioned federal laws "if the conduct had occurred within the special maritime and territorial jurisdictions of the United States." 18 U.S.C. § 2426(b)(1)(A)–(B).

looked at that would arguably be the parallel crime [to indecent liberties] requires contact, and . . . the State crime [of indecent liberties] has been held by the North Carolina Supreme Court not necessarily to have to involve touching the victim." (J.A. 101). The court stated that it could not "find a Federal crime that is as similar to the State crime" and that it did not believe it could use the modified categorical approach to determine whether the defendant's convictions had an element of contact with the 3-year-old and 11-year-old. (J.A. 101–02). After additional discussion (J.A. 102–04), the court sustained the defendant's objection because it did not believe that "the State offense, which doesn't require contact, mirrors 2244." (J.A. 104). The court again noted that this ruling did not make a difference and that the guidelines range was still the mandatory minimum of 35 years' imprisonment. (J.A. 104).

Government counsel briefly argued in support of his motion for an upward departure. (J.A. 105). Government counsel told the court that the mother of two children victimized by the defendant was in the gallery and had attended all of the defendant's hearings. (J.A. 105). Government counsel also read a letter from the mother of a different child victimized by the defendant. (J.A. 106–08). Government counsel urged the court to sentence the defendant to life imprisonment to take into account the many children who will "be haunted by his actions

for the rest of their lives" and also to protect the children that he will prey upon if given the opportunity. (J.A. 106–07).

Defense counsel argued that "[t]he guidelines call for 420 months, and 420 months is a long time, yet 420 months is sufficient to meet the needs of the situation." (J.A. 110). In support of her request for the statutory mandatory minimum sentence, defense counsel discussed how recidivism tends to reduce with age, the treatment programs available through the Bureau of Prisons, and the defendant's own efforts at rehabilitation. (J.A. 111–14).

The defendant explained that he "always knew that [he] didn't think or act the same way as other people," but that he was able to control those thoughts until "depression set in from situations that were beyond [his] control." (J.A. 114–15). The defendant stated that he did not have the money to seek treatment; instead, he pretended that he did not have a problem, a decision that "forever changed the lives of so many people." (J.A. 115). The defendant apologized to his family, asked for their forgiveness, and "pray[ed] that the bible speaks true in Romans 8:28 and that God will find some way to make all this beneficial to all of those involved." (J.A. 117–18).

The court granted the government's motion for an upward departure based on "the uncharged conduct, the grievous harm done to so many children not incorporated in the advice . . . of

12

420 months." (J.A. 122). The court explained that "[t]he circumstances of the instant offense are just horrific." (J.A. 122). The court noted that the defendant "no doubt sought to have" "these vulnerable children" entrusted to his care and that he "furthered the child porn industry by accumulating such a significant collection and distributing images." (J.A. 122). The court reflected on the defendant's mental health issues and need for treatment, as well as the need to discourage this type of conduct, promote respect for the law, and protect the public. (J.A. 122). The court sentenced the defendant to 540 months' imprisonment. (J.A. 122).

SUMMARY OF ARGUMENT

The court did not err—much less plainly error—by concluding that the defendant's convictions for indecent liberties with a minor, in violation of N.C. Gen. Stat. § 14-202.1, trigger the enhanced penalty provisions in 18 U.S.C. § 2251(e). Relevant to this appeal, the most severe penalties in § 2251(e) apply to defendants who have two or more prior convictions under a state law "relating to the sexual exploitation of children." The intermediate level of penalties apply to defendants who have one prior conviction under a state law "relating to . . . sexual abuse [or] abusive sexual contact with a minor." Taking the common, ordinary meanings of the relevant terms, North Carolina's indecent liberties statute—which necessarily requires conduct that is sexual in nature and a child victim—is a state law relating to the sexual exploitation or the sexual abuse of children. Indeed, this Court has already held that a violation of this statute is categorically the sexual abuse of a minor, i.e., the physical or nonphysical abuse or misuse of a child for purposes associated with sexual gratification. The defendant's efforts to overcomplicate this inquiry should be rejected. At a minimum, his arguments demonstrate that, even assuming the court erred, any error was not clear or obvious, meaning that the defendant cannot satisfy the plain error standard of review.

14

<u>ARGUMENT</u>

THE COURT DID NOT ERR—MUCH LESS COMMIT PLAIN ERROR—BY CONCLUDING THAT THE DEFENDANT'S CONVICTIONS FOR INDECENT LIBERTIES WITH A MINOR, IN VIOLATION OF N.C. GEN. STAT. § 14-202.1, TRIGGER THE ENHANCED PENALTY PROVISIONS IN 18 U.S.C. § 2251(E).

A.   <u>Standard of Review</u>.

Unpreserved arguments are reviewed for plain error.  <u>United States v. Lynn</u>, 592 F.3d 572, 577 (4th Cir. 2010).

B.   <u>Discussion of Issue</u>.

In 1997 and again in 2000, the defendant pleaded guilty to taking "immoral, improper, and indecent liberties" with a child age 3 and age 11, respectively, "for the purposes of arousing and gratifying his sexual desires," in violation of North Carolina General Statute § 14-202.1.  (<u>See</u> J.A. 79–80, ¶¶ 17, 19).  The defendant claims that these convictions are not for "an offense related to the sexual exploitation of children." (<u>See, e.g.</u>, Brief at 15).  His argument rests on an overly narrow construction of the phrase "sexual exploitation of children" that is inconsistent with generic, ordinary meaning of those terms and Congress's effort to make sure that those who have sexually misused children on multiple occasions are punished accordingly.

Because the defendant raises this claim for the first time on appeal, his argument is subject to plain-error review.  To meet this standard, the defendant must "demonstrate (1) that an

error occurred, (2) that it was plain error, and (3) that the error was material or affected the defendant's substantial rights." United States v. Martinez, 277 F.3d 517, 524 (4th Cir. 2002) (citing United States v. Olano, 507 U.S. 725, 731-31 (1993)). If the defendant makes this showing, this Court still "retain[s] discretion whether to correct the error, which [it] should exercise only if the 'error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Martinez, 277 F.3d at 524 (quoting Olano, 507 U.S. at 732). The defendant cannot meet this heavy burden.

1. This Court should give the general and ordinary meaning to the following phrases in § 2251(e): "sexual exploitation of children," "sexual abuse," "abusive sexual contact involving a minor," and "related to".

Since it was enacted as part of the Protection of Children Against Sexual Exploitation Act of 1977, PL 95-225, 92 Stat. 7 (1978), Section 2251 has provided for graduated levels of punishment for defendants with certain types of qualifying convictions. Over the years, the categories of qualifying convictions and the associated penalties have changed. See 18 U.S.C. § 2251(e) (2003 to present); § 2251(d) (1996 to 2003); § 2251(c) (1978 to 1996). Currently (and at the time of the defendant's conviction), a person without any qualifying conviction faces 15 to 30 years' imprisonment. 18 U.S.C.

16

§ 2251(e).    That penalty increases to 25 to 50 years'
imprisonment for a person with one prior conviction

> under this chapter [110], section 1591,
> chapter 71, chapter 109A, or chapter 117, or
> under section 920 of title 10 (article 120
> of the Uniform Code of Military Justice),
> or under the laws of any State relating to
> aggravated sexual abuse, sexual abuse,
> abusive sexual contact involving a minor or
> ward, or sex trafficking of children, or the
> production, possession, receipt, mailing,
> sale, distribution, shipment, or
> transportation of child pornography.

18 U.S.C. § 2251(e) (emphasis added).    The penalty increases to
35 years to life imprisonment for a person with two prior
convictions

> under this chapter [110], chapter 71,
> chapter 109A, or chapter 117, or under
> section 920 of title 10 (article 120 of the
> Uniform Code of Military Justice), or under
> the laws of any State relating to the sexual
> exploitation of children.

18 U.S.C. § 2251(e) (emphasis added).    The statute does not
define "sexual exploitation of children," "sexual abuse,"
"sexual contact involving a minor or ward" or "relating to."
Those circuits to have considered the meaning of these phrases
have almost uniformly settled on the generic, ordinary meaning
of the terms.    E.g., United States v. Sonnenberg, 556 F.3d 667,
670–71 (8th Cir. 2009) (collecting cases).

    The undersigned AUSA has not located a case in which this
Court explored the meaning of "sexual exploitation of children"

17

as used in § 2251(e).  The Eighth Circuit, however, has held that the phrase "unambiguously refers to any criminal sexual conduct with a child."  United States v. Smith, 367 F.3d 748, 751 (2004).  The Eighth Circuit continued: "By its very nature, any criminal sexual conduct with a child takes advantage of, or exploits, a child sexually."  Smith, 367 F.3d at 751.

The Third Circuit, while not providing its own definition, provided guidance in several published opinions that indicate it, too, has used the commonly understood meaning of the phrase "sexual exploitation of children."  See United States v. Galo, 239 F.3d 572 (3d Cir. 2001); United States v. Randolph, 364 F.3d 118 (3d Cir. 2004); and United States v. Pavulak, 700 F.3d 651 (3d Cir. 2012).  For example, in Galo, the Third Circuit explained that Pennsylvania's offenses of corruption of minors and endangering the welfare of a child related to children but encompassed a broad range of conduct including but not limited to sexual conduct.  239 F.3d at 582–83.  The Galo court also reasoned that, while Pennsylvania's indecent assault statute "obviously relates to the sexual nature of an offender's conduct," it did not categorically relate to children because the victim could be of any age.  Id. at 583.  In Randolph, the Third Circuit had little difficulty concluding that Georgia's 1978 child molestation statute—which prohibits performing "any immoral or indecent act to or in the presence of or with any

child under the age of 14 years with the intent to arouse or satisfy . . . sexual desires"—was an offense relating to the sexual exploitation of children. 364 F.3d at 122. The same was true when, in Pavulak, the Third Circuit concluded that the Delaware offense of unlawful sexual conduct in the second degree involved the sexual exploitation of children: the statute prohibited intentionally having sexual contact with a person under the age of 16 or causing the victim to have sexual contact with a third party. 700 F.3d at 674. In each of these cases, the Third Circuit essentially looked at whether the offense criminalized conduct sexual in nature directed at minors to decide whether the convicted was under the law of a "State relating to the sexual exploitation of children."

The defendant has identified no case in which a Circuit Court of Appeals has adopted his restrictive construction of "sexual exploitation" as "an offense involving the manufacturing and marketing/advertising of child pornography." (Brief at 12). As the defendant acknowledges, the Third Circuit in Pavulak "rejected the defendant's argument that 'sexual exploitation of children' is a term of art that refers to crimes 'involving visual depictions.'" (Brief at 17–18) (citing Pavulak, 700 F.3d at 675). Other circuits have rejected similar efforts by defendants to limit the meaning of "relating to the sexual exploitation of children." See United States v. Smith, 367 F.3d

19

748, 750–51 (8th Cir. 2004) (refusing to limit the term "to pornography or criminal sexual conduct captured in visual depictions"); United States v. Sanchez, 440 F. App'x 436, 440 (6th Cir. 2011) (unpublished) ("It is implausible that Congress intended to include so many prior federal offenses, but chose to restrict qualifying state offenses to child pornography production.").

The majority of the circuits have refused to define the terms sexual abuse or abusive sexual conduct/contact[4] with a minor or ward by importing the definitions for similarly titled federal offenses in Chapter 109A; instead, they have relied upon the ordinary and common meaning of the terms. United States v. Gilbert, 425 F. App'x 212, 216 (4th Cir. 2011) (unpublished); United States v. Barker, 723 F.3d 315, 322–24 (2d Cir. 2013); United States v. Hubbard, 480 F.3d 341, 348–49 (5th Cir. 2007); United States v. Sonnenberg, 556 F.3d 667, 671 (8th Cir. 2009); United States v. Sinerius, 504 F.3d 737, 743 (9th Cir. 2007); United States v. Harding, 172 F. App'x 910, 913–14 (11th Cir. 2006) (unpublished).[5]  But see United States v.

---

[4]  Section 2251(e) refers to "abusive sexual contact involving a minor or ward," but other enhancement provisions in Chapter 110 refer to "abusive sexual conduct involving a minor or ward." See, e.g., 18 U.S.C. §§ 2252(b), 2252A(b)(1)–(2).

[5]  The undersigned AUSA asked for this case to be placed in abeyance pending Lockhart v. United States, 136 S. Ct. 958 (2016), which the undersigned AUSA hoped would provide guidance on the definitions of certain terms that § 2251(e) shares with

Osborne, 551 F.3d 718, 720–21 (7th Cir. 2009) ("Given the lack of a definition in in § 2252, we think it best to say that, as a matter of federal law, sexual behavior is 'abusive' only if it is similar to one of the crimes denominated as a form of 'abuse' elsewhere in Title 18.") (emphasis added).

In an unpublished opinion addressing the enhanced penalty provisions of 18 U.S.C. § 2252(b), this Court found instructive the definition for "sexual abuse of a minor" that was articulated in United States v. Diaz-Ibarra, 522 F.3d 343, 348 (4th Cir. 2008). United States v. Gilbert, 425 F. App'x 212, 216 (4th Cir. 2011) (unpublished). The Diaz-Ibarra Court set forth the commonly understood meaning of certain words: "sexual" means "of or relating to the sphere of behavior associated with libidinal gratification"; and "at the highest level of generality, 'abuse' means misuse or use for an incorrect or bad purpose." 522 F.3d at 349 (internal citations omitted). The Fourth Circuit held that the sexual abuse of a minor is "the 'perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual

---

§ 2252(b), the statute at issue in Lockhart. The Lockhart majority found itself unable to "ignore the parallel" between or "state with certainty that Congress used Chapter 109A as a template for the list of state predicates set out in § 2252(b)(2)." 136 S. Ct. at 964. Ultimately, the Court took "no position . . . on the meaning of the terms" and did not decide "[w]hether the terms in § 2252(b)(2) are given their 'generic' meaning, or are defined in light of their federal counterparts." Id. at 965, 968 (citations omitted).

gratification.'"      Diaz-Ibarra, 552 F.3d at 351-52
(quoting United States v. Padilla-Reyes, 247 F.3d 1158, 1163
(11th Cir. 2001)).    Other Circuits have used nearly the same
definition when determining whether a conviction relates to
sexual abuse or abusive sexual conduct/contact involving a minor
or ward.   E.g., United States v. Simard, 731 F.3d 156, 163 (2d
Cir. 2013); United States v. Cover, 703 F.3d 477, 480-41 (8th
Cir. 2013).

Finally, "relating to" "carries a broad ordinary meaning,
namely, 'to stand in some relation; to have bearing or concern;
to pertain; refer; to bring into association with or connection
with.'"   United States v. Spence, 661 F.3d 194, 200 (4th Cir.
2011) (quoting Morales v. Trans World Airlines Inc., 504 U.S.
374, 383 (1992)); accord Gilbert, 425 F. App'x at 217.

      2.   The defendant's convictions for taking indecent
liberties with a minor are convictions under a
state law categorically relating to the sexual
exploitation of children, sexual abuse, and
abusive sexual contact involving a minor.

When considering a similar enhancement in 18 U.S.C.
§ 2252A(b), this Court explained that "the categorical approach
and the modified categorical approach each have distinct utility
in assisting a sentencing court in determining whether a prior
conviction qualifies as a predicate offense under the sexual
abuse enhancement."   United States v. Spence, 661 F.3d 194, 199
(4th Cir. 2011).   Some offenses may consist of elements that

"categorically satisfy the enhancement's 'relating to'
provision." <u>Spence</u>, 661 F.3d at 199. Taking indecent liberties
with a minor in violation of N.C. Gen. Stat. § 14-202.1 is such
an offense.

The elements of the North Carolina offense of taking
indecent liberties with a minor are:

> (1) the defendant was at least 16 years of
> age; (2) he was five years older than his
> victim; (3) he willfully took or attempted
> to take an indecent liberty with the victim;
> (4) the victim was under 16 years of age at
> the time the alleged act or attempted act
> occurred; and (5) the action by the
> defendant was for the purpose of arousing or
> gratifying sexual desire.

<u>United States v. Perez-Perez</u>, 737 F.3d 950, 953 (4th Cir. 2013)
(quoting <u>State v. Coleman</u>, 684 S.E.2d 513, 519 (N.C. Ct. App.
2009)). These elements leave no question that the prohibited
conduct is always sexual in nature and the victim is always a
child.

In <u>United States v. Gilbert</u>, this Court had "little
difficulty concluding that Gilbert's prior conviction" for
indecent liberties relates to sexual abuse or abusive sexual
conduct involving a minor and, therefore, "triggers the
enhancement" under 18 U.S.C. § 2252A(b)(2). 425 F. App'x 212,
217 (4th Cir. 2011) (unpublished). More recently, in <u>Perez-
Perez</u>, this Court held that a violation of N.C. Gen. Stat. § 14-

202.1 is categorically the sexual abuse of a minor.  737 F.3d at

954.  This Court explained:

> Comparing our generic definition of sexual abuse of a minor with the elements of the North Carolina indecent liberties crime reveals both that the elements of the latter correspond in substance with our definition, and that each offense therefore contemplates criminalization of the same conduct: both target conduct directed towards minors, both require a mental element focused on sexual gratification, and both cast a broad net in capturing physical or nonphysical conduct. Specifically, we are unable to say that the statutory element of "willfully t[aking] or attempt[ing] to take an indecent liberty" exceeds the scope of what we have required: "misuse or maltreatment" of a minor.

Perez-Perez, 737 F.3d at 953.  If taking indecent liberties with

a minor is the sexual abuse of a minor, an indecent liberties

conviction necessarily is a conviction under a state

law relating to the sexual exploitation of children, sexual

abuse, and abusive sexual contact with a minor or ward for

purposes of § 2251(e)'s enhanced penalty provisions.

    While the categorical approach's focus is on the elements

of the offense, the development and purpose of the North

Carolina statute reinforce the conclusion that it is a state law

relating to the sexual exploitation and abuse of children.  The

statute was enacted by the state legislature in 1955 as part of

An Act to Provide for the Protection of Children from Sexual

Psychopaths and Perverts, ch. 764, 1955 N.C. Sess. Laws 708, 708

(amended 1975). See United States v. Vann, 660 F.3d 771, 792 (4th Cir. 2011) (en banc) (Davis, J., concurring). It was specifically enacted "to encompass more types of deviant behavior, giving children broader protection than available under other statutes proscribing sexual acts." State v. Etheridge, 352 S.E.2d 673, 682 (N.C. 1987) (citing State v. Harward, 142 S.E.2d 691 (N.C. 1965)). The statute assumed its current form, with subsections (a)(1) and (a)(2) in 1975. Vann, 660 F.3d at 792 (Davis, J., concurring) (citing An Act to Amend G.S. § 14-202.1, 1975 N.C. Sess. Laws 1105; State v. Banks, 370 S.E.2d 398, 407 (N.C. 1988)). In both forms, the purpose of the statute has remained the same: "the protection of children from the sexual advances of adults." See State v. Elam, 273 S.E.2d 661, 665 (N.C. 1981). Here, the district court properly enhanced the defendant's statutory penalty range based upon his two prior convictions for taking indecent liberties with a minor.

3.    The enhanced penalty provisions of § 2251(e) are not void for vagueness.

The defendant argues for the first time on appeal that § 2251(e)'s enhanced penalty provisions should be struck down as void for vagueness. The defendant claims that a statute which increases penalties "for state convictions 'relating to' offenses involving the undefined terms of 'sexual exploitation

of children,' 'aggravated sexual abuse,' 'sexual abuse,' and 'abusive sexual contact' is at least as vague as the recently struck down residual clause of the Armed Career Criminal Act." (Brief at 13) (referring to Johnson v. United States, 135 S. Ct. 2551 (2015)).

Section 2251(e) does not share any of the features that "conspire[d] to make [ACCA's residual clause] unconstitutionally vague." Johnson, 135 S. Ct. at 2557. ACCA's residual clause created grave uncertainty about (1) how much risk it takes for a crime to qualify for a violent felony and (2) how a court is to estimate the risk posed by a crime. Id. at 2557-59. The Supreme Court repeatedly tried and failed to "craft a principled and objective standard out of the [ACCA] residual clause." Johnson, 135 S. Ct. at 2558. There is some redundancy between the categories of state predicates in § 2251(e), see Lockhart, 136 S. Ct. at 965-66; however, as discussed above, that has not prevented courts from ascertaining the ordinary, generic meaning of the terms.

There is no reason to accept the defendant's invitation to "construe the enumerated offenses of § 2251(e) as requiring physical contact between the defendant and the victim." (Brief at 32). See United States v. Hubbard, 480 F.3d 341, 347 (5th Cir. 2007) ("We discern no intent on the Part of Congress to impose such a limitation [of actual sexual contact between

26

defendant and victim] with regard to prior convictions under state law."); United States v. Sonnenberg, 556 F.3d 667, 670 (8th Cir. 2009) ("[W]e reject Sonnenerg's contention that a state statute must criminalize only sexual acts involving physical touching to ne 'relat[ed] to aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor."); United States v. Mathis, 767 F.3d 1264, 1284–85 (11th Cir. 2014) (rejecting argument "that for an enhancement to apply under § 2251(e), a prior state conviction must have required sexual contact, not merely sexual conduct"). As this court has already recognized, a child can be sexually abused (and thus sexually exploited) without there being physical contact between the defendant and the child victim. See United States v. Diaz-Ibarra, 522 F.3d 343, 348 (4th Cir. 2008)

Defendant's vagueness challenge should be rejected for another reason: § 2251(e)'s penalty provisions are not vague as applied to him. Under vagueness doctrine, "[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." United States v. Jaensch, 665 F.3d 83, 89 (4th Cir. 2011) (quoting Holder v. Humanitarian Law Project, 561 U.S. 1, 18–19 (2010)). Taking indecent liberties with a minor, as discussed, is a state offense relating to the sexual exploitation and sexual abuse of children.

27

Johnson indicated that a law need not be vague in all its applications in order to be unconstitutional, but the Court did not specifically decide whether a party must first show that a law is vague as applied to him before making a facial challenge. See 135 S. Ct. at 2560-61. Nonetheless, Johnson did not overrule the numerous Supreme Court cases analyzing non–First Amendment vagueness challenges in the context of the specific facts before the court. See, e.g., Chapman v. United States, 500 U.S. 453, 467 (1991); Maynard v. Cartwright, 486 U.S. 356, 361 (1988); United States v. Powell, 423 U.S. 87, 92 (1975).

Moreover, Johnson did not hold that any possibility of a vague application would require finding a statute void for vagueness. Instead, it concluded that the ACCA residual clause was vague based on its inherent inability to produce "evenhanded, predictable, or consistent" applications—a lesson learned by the Court over its many failed attempts to craft a workable standard for ACCA's residual clause. 135 S. Ct. at 2563; see also id. at 2556. That holding was based on a detailed analysis of ACCA's specific text, characteristics, and judicial history—none of which applies to § 2251(e). For statutes that "apply without question to certain activities, but whose application to other behavior is uncertain," a vagueness challenge is not available to one who violates the "hard-core"

of the statute. See Smith v. Goguen, 415 U.S. 566, 577–78 (1974). Instead, facial vagueness challenges are reserved for statutes that "simply ha[ve] no core," in that "no standard of conduct is specified at all." Id. (citation and quotation marks omitted).

That is not the situation here. The defendant pleaded guilty to taking "immoral, improper, and indecent liberties" with a child age 3 and age 11, respectively, "for the purpose of arousing and gratifying his sexual desires." (J.A. 79–80, ¶¶ 17, 19). North Carolina's prohibition on taking indecent liberties with a minor certainly falls within the core of offenses related to the sexual exploitation and sexual abuse of children. Therefore, even if some theoretical defendant could claim that the enhanced penalty provisions of § 2251(e) are vague as applied to him, the defendant is simply not that person. His vagueness claim must therefore fail.

> ### 4. Assuming the court erred, any error was neither clear nor obvious, meaning the defendant cannot satisfy the second prong of the plain error standard of review.

Under the plain error standard of review, a court's "authority to remedy [an] error . . . is strictly circumscribed." Puckett v. United States, 556 U.S. 129, 134 (2009). The term plain in this context "is synonymous with 'clear' or, equivalently, 'obvious.'" United States v. Olano,

507 U.S. 725, 734 (1993). "An error is plain 'if the settled law of the Supreme Court or this circuit establishes that an error has occurred.'" United States v. Carthorne, 726 F.3d 503, 515 (4th Cir. 2013) (quoting United States v. Maxwell, 285 F.3d 336, 342 (4th Cir. 2002)). At a minimum, the briefing thus far in this case has demonstrated that neither the Supreme Court nor this Court has settled law establishing that an error occurred. (See, e.g., Brief at 19) (stating that the Third Circuit did not provide its own definition of "sexual exploitation of children" and that "there is little help to be found elsewhere") (emphasis added). As such, assuming that an error occurred, it was hardly clear and obvious.

Moreover, the court was very conscientious in its approach to the defendant's sentencing. For example, the defendant's sentencing hearing "involved a lengthy discussion about whether [his] prior North Carolina convictions for indecent liberties with a minor qualified as 'sex offense' convictions for purposes of U.S.S.G. § 4B1.5." (Brief at 10; see J.A. 97–104; J.A. 80, ¶ 22; see also footnote 3 supra). Even though its ruling would not affect the defendant's guidelines range—because all agreed it was 35 years based on the mandatory minimum—the court perceived this issue to be "an important point of the law to be developed here." (J.A. 94, 98, 104). If the court took such care to explore whether the defendant's indecent liberties

30

conviction triggered a guidelines enhancement that did not affect his guidelines range, the court certainly would have explored any obvious problem that would have dramatically changed both the guidelines range and the statutory penalty range.

In conclusion, if any error occurred, it was not plain. Accordingly, the defendant has not satisfied the second prong of the plain error standard of review and is not entitled to relief.

<u>CONCLUSION</u>

For the foregoing reasons, the United States respectfully submits that the judgment of the district court should be affirmed.

Respectfully submitted, this 22nd day of July, 2016.

JOHN STUART BRUCE
Acting United States Attorney


BY: <u>/s/ Kristine L. Fritz</u>
KRISTINE L. FRITZ
Assistant United States Attorney
310 New Bern Avenue
Suite 800, Federal Building
Raleigh, North Carolina 27601-1461
Telephone: 919-856-4530

JENNIFER P. MAY-PARKER
Assistant United States Attorney

Of Counsel

## CERTIFICATE OF COMPLIANCE

TO BE INCLUDED IMMEDIATELY BEFORE THE CERTIFICATE OF SERVICE FOR ALL BRIEFS FILED IN THIS COURT

1.   This brief has been prepared using (SELECT AND COMPLETE ONLY ONE):

_____     Fourteen point, proportionally spaced, serif typeface (such as CG Times or Times New Roman, NOT Sans Serif typeface such as Arial). Specify software name and version, typeface name, and point size below (for example, WordPerfect 8, CG Times, 14 point):

_____

__X__     Twelve point, monospaced typeface (such as Courier or Courier New). Specify software name and version, typeface name, and point size below (for example, WordPerfect 8, Courier New, 12 point):

 Microsoft Word 2010, Courier New, 12 point

2.   EXCLUSIVE of the corporate disclosure statement, table of contents, table of citations, state with respect to oral argument, any addendum containing statutes, rules, or regulations, and the certificate of service, the brief contains (SELECT AND COMPLETE ONLY ONE):

____ ____     Pages (give specific number of pages; may not exceed 30 pages for opening or answering brief or 15 pages for reply brief); OR

_X_ _6707_     Words (give specific number of words; may not exceed 14,000 words for opening or answering brief or 7,000 for reply brief); OR

____ ____     Lines of Monospaced Type (give specific number of lines; may not exceed 1,300 lines for opening or answering brief or 650 for reply brief; may be used ONLY for briefs prepared in monospaced type such as Courier or Courier New).

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

 /s/ Kristine L. Fritz
KRISTINE L. FRITZ
Signature of Filing Party

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 22, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF user:

Stephen C. Gordon
Assistant Federal Public Defender


/s/ Kristine L. Fritz
KRISTINE L. FRITZ
Assistant United States Attorney