**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-4325

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

BAILEY JOE MILLS,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:14-cr-00113-FL-1)

Argued: January 26, 2017             Decided: March 15, 2017

Before TRAXLER, DIAZ, and THACKER, Circuit Judges.

Affirmed by published opinion. Judge Thacker wrote the opinion, in which Judge Traxler and Judge Diaz joined.

**ARGUED:** Stephen Clayton Gordon, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Thomas P. McNamara, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

THACKER, Circuit Judge:

Bailey Joe Mills ("Appellant") pled guilty to a one-count criminal information charging him with manufacturing child pornography in violation of 18 U.S.C. § 2251(a), (d). He also had two previous convictions for taking indecent liberties with children in violation of North Carolina law. See N.C. Gen. Stat. § 14-202.1. At sentencing, the district court determined the North Carolina taking indecent liberties with children statute constituted a state law "relating to the sexual exploitation of children." As a result, Appellant faced a sentence between 35 years and life. See 18 U.S.C. § 2251(e). Appellant did not object. The district court imposed a 45 year sentence.

On appeal, Appellant argues for the first time that the district court erred in concluding that taking indecent liberties with children constitutes a state crime "relating to the sexual exploitation of children" pursuant to 18 U.S.C. § 2251(e). For the reasons that follow, we disagree with Appellant and affirm the district court.

I.

On January 5, 2014, police executed a search warrant on Appellant's home after an investigation revealed that he had been sexually abusing children. The search uncovered 125 videos and 924 still images produced by Appellant portraying the sexual exploitation of children. Appellant used at least ten different children to make the images. Appellant paid several of the children to have sex with him and other males. Appellant also possessed over 10,000 additional images of child pornography and over 100,000 images of child erotica and adult pornography. On August 12, 2014, Appellant

pled guilty to a one-count criminal information charging him with manufacturing child pornography in violation of 18 U.S.C. § 2251(a), (d).

Appellant's relevant criminal history included two previous convictions for violating a North Carolina taking indecent liberties with children statute. In 1997, Appellant pled guilty to taking indecent liberties with a three-year old child to arouse himself sexually. And in 2000, Appellant pled guilty to taking indecent liberties with an 11 year old child to arouse himself. At sentencing, the district court determined that these convictions related to the "sexual exploitation of children" pursuant to 18 U.S.C. § 2251(e), rendering Appellant eligible for a sentencing enhancement. Appellant did not object. Because of the enhancement, Appellant faced a sentence between 35 years and life. Based on the amount and severity of harm caused by Appellant and the likelihood of recidivism, the district court sentenced Appellant to 540 months (45 years) in prison.

Appellant timely appealed. Because he failed to object to his sentencing enhancement, we review Appellant's argument for plain error. See United States v. Garcia-Lagunas, 835 F.3d 479, 492 (4th Cir. 2016). To show plain error, he must demonstrate that "there was an error, the error was plain, and the error affected [his] substantial rights." United States v. Boykin, 669 F.3d 467, 470 (4th Cir. 2012). Appellant fails on all three counts.

II.

A.

Neither party disputes the application of the categorical approach to determine whether the prior conviction enhancement was proper, so we will assume that it applies. When employing the categorical approach, we "look[] only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." Taylor v. United States, 495 U.S. 575, 600 (1990). We begin by defining and "considering the required elements of the generic federal crime." Amos v. Lynch, 790 F.3d 512, 518 (4th Cir. 2015). Then, "we only look to the statutory definition of the state crime and the fact of conviction." United States v. Diaz-Ibarra, 522 F.3d 343, 348 (4th Cir. 2008). We will only conclude that "a state offense is a categorical match with a federal offense . . . if a conviction of the state offense necessarily involved facts equating to the generic federal offense." Castillo v. Holder, 776 F.3d 262, 267 (4th Cir. 2015) (quoting Moncrieffe v. Holder, 122 S.Ct. 1678, 1680 (2013)) (citation and brackets omitted).

B.

Appellant pled guilty to violating 18 U.S.C. § 2251(a), (d). Section 2251(e) provides the punishment. It states that any person who has one prior conviction "relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography . . . shall be fined under this title and imprisoned for not less than 25 years nor more than 50 years," and any person with two prior convictions for violations of state law "relating to sexual exploitation of

4

children . . . shall be fined under this title and imprisoned not less than 35 years nor more than life." 18 U.S.C. § 2251(e) (emphasis supplied).

Appellant's sole point of contention on appeal is that the district court erred in interpreting "sexual exploitation." According to Appellant, "sexual exploitation" of children should be narrowly interpreted to include only "offense[s] involving the manufacturing and marketing/advertising of child pornography." Appellant's Br. 12. The government responds that the district court did not err, and "sexual exploitation" should be broadly interpreted to include any criminal sexual conduct with children.

Section 2251(e) does not provide a definition for "sexual exploitation." When, as here, Congress has not provided a definition for a statutory term, we give the term its ordinary, everyday meaning. See Perrin v. United States, 444 U.S. 37, 42 (1979) ("A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning."). Black's Law Dictionary defines "sexual exploitation" as "[t]he use of a person, esp. a child, in prostitution, pornography, or other sexually manipulative activity." Black's Law Dictionary (10th ed. 2014). Similarly, Merriam-Webster defines "sexual" as "of, relating to, or involving sex," and "exploitation" as "to use unfairly for one's own advantage." Merriam-Webster's Dictionary (11th ed. 2005). Likewise, the New Oxford American Dictionary defines "sexual" as "relating to the instincts, physiological processes, and activities connected with physical attraction or intimate physical contact between individuals," and "exploit" as "to use (a situation or person) in an unfair or selfish way." The New Oxford American Dictionary (2d ed. 2005).

5

Against this backdrop, then, for the purposes of 18 U.S.C. § 2251, "sexual exploitation of children" means to take advantage of children for selfish and sexual purposes. Therefore, "sexual exploitation" encompasses all the behaviors identified in § 2251(e)'s provision regarding a single prior conviction enhancement -- that is, "aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, [and] the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography" -- and then some. Although the statute sweeps broadly, it is readily understandable.

Under North Carolina law, to convict someone of taking indecent liberties with children, the state must prove:

> (1) the defendant was at least 16 years of age, (2) he was five years older than his victim, (3) he willfully took or attempted to take an indecent liberty with the victim, (4) the victim was under 16 years of age at the time the alleged act or attempted act occurred, and (5) the action by the defendant was for the purpose of arousing or gratifying sexual desire.

State v. Rhodes, 361 S.E.2d 578, 580 (N.C. 1987). An "indecent liberty" is any "sexual conduct with a minor child." State v. Elam, 273 S.E.2d 661, 665 (N.C. 1981). Indecent liberty includes production of sexual images, touching, penetration, and "masturbation within a child's sight." State v. Etheridge, 352 S.E.2d 673, 682 (N.C. 1987).

We conclude that any conviction for the North Carolina crime of taking indecent liberties with children at the very least "relat[es] to the sexual exploitation of children." 18 U.S.C. § 2251(e); see Etienne v. Lynch, 813 F.3d 135, 145 (4th Cir. 2015) (finding any state law conspiracy to violate the controlled substance act categorically an

6

aggravated felony for the purposes of the Immigration and Nationality Act).  Under North Carolina law, the victim must be a child.  See Rhodes, 361 S.E.2d at 580.  And the defendant must use the child to gratify his own sexual desires, which satisfies any definition of "sexual exploitation."  See id.  As a result, because Appellant's two previous convictions "relat[ed] to sexual exploitation of children," he faced a sentence between 35 years and life.  18 U.S.C. § 2251(e).

C.

In an attempt to avoid this interpretation, Appellant engages in a series of interpretative missteps in an effort to support his preferred reading that "sexual exploitation" requires the production and sale of child pornography.

First, Appellant first divines a legislative intent to narrowly define "sexual exploitation," even though no such intent is apparent.  There is no reason to assume Congress meant for "sexual exploitation of children" to be more narrow than the enumerated offenses identified for a person with a single prior conviction enhancement.  Congress may have been more concerned with the potential recidivism for people with two prior convictions, and, therefore, created a broader category of convictions that trigger the enhancement.  Perhaps Congress simply forgot to alter this part of the statute when it enacted the 2006 amendments, which replaced "sexual exploitation" as the predicate act for a single prior conviction enhancement with the current list of possible convictions.  Compare 18 U.S.C. § 2251(e) (2003) with 18 U.S.C. § 2251(e) (2006).  But any arguments along this line are sheer speculation and cannot be used to shed light on

7

the meaning of the statute. See United States v. Hilton, 701 F.3d 959, 969 (4th Cir. 2012).

Second, Appellant attempts to incorporate into § 2251(e) a definition from an unrelated statutory provision. In doing so, he relies on the doctrine of in pari materia, which means "adjacent statutory subsections that refer to the same subject matter should be read harmoniously." Doe v. Cooper, 842 F.3d 833, 844 (4th Cir. 2016) (internal quotation marks omitted). Although a definition from another part of the code can be incorporated to define terms in pari materia, "the principle of in pari materia has no force where two statutes 'superficially relat[e] to similar subjects,' but 'a finer examination reveal[s] that the purposes underlying the laws var[y]." United States v. Broncheau, 645 F.3d 676, 685 (4th Cir. 2011) (alterations in original) (quoting Firstar Bank, N.A. v. Faul, 253 F.3d 982, 990 (7th Cir. 2001)). In support of his position, Appellant employs a definition from 18 U.S.C. § 3509(a), but that statute does not define criminal wrongdoing. Instead, it provides rights to child victims. The doctrine of in pari materia is inapplicable when statutes have different purposes. Although both statutes are within Title 18 of the United States Code, they have different purposes. See Wachovia Bank v. Schmidt, 546 U.S. 303, 316 (2006) (finding the doctrine of in pari materia inapplicable because subject matter jurisdiction and venue were "not concepts of the same order").

In a last ditch attempt to avoid the plain meaning of the statute, Appellant cites the canon of constitutional avoidance to argue that the court should limit the term "sexual exploitation" to "offenses that require direct physical contact between the defendant and victim." Appellant's Br. 36. Besides requiring this court to adopt a different definition

8

of "sexual exploitation" than one Appellant claimed Congress's intent and the structure of the criminal code required, this argument misuses the canon of constitutional avoidance. "The canon of constitutional avoidance comes into play only when, after the application of ordinary textual analysis, the statute is found to be susceptible of more than one construction; and the canon functions as a means of choosing between them." Clark v. Martinez, 543 U.S. 371, 385 (2005) (emphasis in original). Therefore, as a threshold requirement for the canon to apply, a party must show, using ordinary interpretive methods, that the term is ambiguous and capable of multiple definitions. See id. In contrast, textual analysis reveals only one meaning for "sexual exploitation" encompassing a wide range of conduct.[1]

For all of the foregoing reasons, we hold the district court correctly concluded that Appellant's conviction for taking indecent liberties with children under North Carolina law related to the "sexual exploitation of children" for the purposes of the 18 U.S.C. § 2251(e) enhancement. Therefore, Appellant cannot satisfy the first prong of the plain error analysis.

### D.

Even assuming the district court committed an error, however, it would not have been a "clear or obvious" error because the district court's decision was supported by the

---

[1] We do not interpret Appellant's brief as raising a vagueness challenge but rather as using the canon of constitutional avoidance to argue for a limited definition of "sexual exploitation." Regardless, he cannot bring a vagueness challenge because "[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness." Parker v. Levy, 417 U.S. 733, 756 (1974).

9

literal meaning of the term "sexual exploitation of children" and uncontradicted persuasive authority from other circuits. United States v. Carthorne, 726 F.3d 503, 516 (4th Cir. 2013).

In United States v. Smith, a defendant argued that sexual exploitation of children is limited to pornography. See 367 F.3d 748, 751 (8th Cir. 2004). The Eighth Circuit rejected this argument and held, "Although the term 'sexual exploitation of children' is not defined in the statute, the term unambiguously refers to any criminal sexual conduct with a child. By its very nature any criminal sexual conduct with a child takes advantage of, or exploits, a child sexually." Id. (quoting 18 U.S.C. § 2251(e)).

Similarly, the Third Circuit has concluded that sexual exploitation includes production of visual depictions of minors, statutory rape, involuntary deviate sexual intercourse, and unlawful sexual contact with a child victim. See United States v. Pavulak, 700 F.3d 651, 674 (3d Cir. 2012). In that case, the defendant argued "sexual exploitation of children" was limited "to crimes involving visual depictions." Id. The Third Circuit dismissed this argument finding the argument unfathomable under normal rules of statutory construction. See id.

E.

Finally, for this court to reverse on plain error review, the lower court must not only commit an error and the error be plain, but the error must have "affected Appellant's substantial rights." United States v. Ramirez-Castillo, 748 F.3d 205, 215 (2014). An error affects substantial rights when it is prejudicial, meaning the error "affected the

outcome of the district court proceedings." United States v. Olano, 507 U.S. 725, 734 (1993).

Per 18 U.S.C. § 2251(e), a person who has one prior conviction for, among other offenses, a state law relating to "sexual abuse" of children receives a sentence between 25 and 50 years. Sexual abuse of children "involves the misuse or mistreatment of a minor and . . . it does not require the use of physical force." United States v. Diaz-Ibarra, 522 F.3d 343, 350 (4th Cir. 2008). Appellant's previous convictions, which involved using children to "gratify his own sexual desires," unmistakably meet this court's definition for "sexual abuse." Id. at 353.

In making its sentencing determination, the district court looked to Appellant's actions, the harm his actions caused, and the likelihood of recidivism and imposed a sentence commiserate with the purposes of punishment. Here, the case for a severe sentence was overwhelming. Appellant "engaged in the hands-on sexual assault and production of child pornography" with at least ten different children. J.A. 21.[2] He "paid several of the children to engage in sexual acts with him and other adult male 'customers.'" Id. at 22. He abused the trust of "unsuspecting parents" who placed their children in his care. Id. He produced a trove of child pornography and had received even more images "depict[ing] prepubescent children as young as infants engaged in sadistic and masochistic conduct with adult males, as well as bestiality." Id. at 23. And he was twice previously convicted for sexually abusing children.

---

[2] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

11

Given the egregious nature of his past and continuing offenses against children, even if Appellant had been sentenced based on a one prior offense enhancement, the district court would have likely imposed the same sentence. We therefore hold Appellant's sentence did not affect his substantial rights.

III.

For the foregoing reasons, the judgment of the district court is

<u>AFFIRMED</u>.